## THE CHICAGO TITLE AND TRUST COMPANY

*v.*

## JOSEPH BRUGGER.

*Opinion filed April 16, 1902.*

1. MORTGAGES—*effect where a trustee fraudulently transfers note and trust deed.* Where a trustee, having no title to a trust deed and note, fraudulently transfers them to a trust company as collateral security, it devolves upon the trust company to show that it took the paper in good faith, without notice, for value and before maturity and in the usual course of business.

2. SAME—*when purchaser of trust deed and note is charged with notice.* Where a note and trust deed bear endorsements showing that another person than the trustee is the legal holder of the note, a purchaser from the trustee, who relies upon his explanation of the endorsement instead of making inquiry as to the ownership of the note, is not entitled to protection as against the legal holder of the note, whom the trustee has defrauded in making the sale.

*Chicago Title and Trust Co.* v. *Brugger*, 95 Ill. App. 405, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

The Chicago Title and Trust Company filed in the superior court of Cook county its bill to foreclose a trust deed to Theodore H. Schintz, trustee, dated November 1, 1893, executed by Johann Gebhardt Gmeiner and wife. Gmeiner and wife made no defense and were defaulted, but appellee, Joseph Brugger, who was made a defendant, appeared, and by answer and cross-bill claimed to be the owner of the trust deed and the notes secured thereby.

There is no controversy as to the facts. The evidence shows that Brugger was the owner of the promissory note, which was dated November 1, 1893, payable two years after date to the order of the maker, with interest at seven per cent, and secured by trust deed on real es-

tate in Chicago. The note was endorsed in blank by the maker. On the 14th of June, 1895, an extension agreement signed by Gmeiner and wife only, extending the time of payment three years from November 1, 1895, was made and attached to the note. This agreement was not signed by the owner of the note. This note and agreement were left by Brugger with Schintz to collect the interest, when due, and for no other purpose whatever. Schintz being indebted to the appellant, on July 12, 1897, delivered this note and trust deed to the trust company as collateral. At the time they were delivered to the trust company there was endorsed on both the trust deed and the note the following: "Lots 33 and 34, described within, released by release deed dated June 12, 1895, by order of Joseph Brugger, holder of note secured by this trust deed.—Theodore H. Schintz, trustee." Niblack, the officer of the trust company who accepted these collaterals from Schintz, upon seeing this endorsement asked what it meant; why it had been made; how much security was left, etc. He testified: "I looked at the endorsement and read it, and I said, 'Hello, what is this? Some of this security has been released. Here are two lots gone; and what about this business? It seems to belong to somebody else.'" Schintz answered that he was the owner of the principal note and trust deed; that it was a loan which he had once sold and that he had taken it back and renewed it; that the security was ample, and that he would sell it again. The trust company, upon this statement and the reputable business standing of Schintz, made no further inquiry. Some weeks after the trust company came into possession of the Gmeiner papers Schintz failed in business. The indebtedness to the bank was unpaid, and the trust company, obliged to resort to its collateral security, filed its bill to foreclose the Gmeiner trust deed. The superior court decreed a foreclosure in favor of appellee, Brugger, and dismissed appellant's bill for want of equity, which decree was by the Appellate Court af-

firmed, from which the appeal is here brought by the appellant.

PADDOCK & BILLINGS, for plaintiff in error.

RUBENS, DUPUY & FISCHER, for defendant in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

It is conceded in this case that Schintz had no title to the note and trust deed and that he fraudulently transferred the same to the trust company. Such being the case, it rested upon the trust company to show that it took the paper in good faith, without notice, for value, before maturity and in the usual course of business. (*Hide and Leather Bank* v. *Alexander*, 184 Ill. 416.) There was an endorsement on the note and trust deed in unmistakable terms, and by Schintz as a trustee, that Brugger was the legal holder of the note. The purport of this endorsement was so plain that it immediately put the trust company upon inquiry. Having reposed confidence in the veracity of Schintz the trust company failed to make any other inquiry, and therefore empowered Schintz to wrong either itself or others. Mr. Lemon, vice-president and general manager of the trust company, testified that had he seen this endorsement it would of itself have led to inquiry. Mr. Niblack, representing the trust company in this transaction, did see this endorsement and immediately asked Schintz what it meant. Schintz's reply being satisfactory to the trust company, it took no further steps. Here the paper having on its face such endorsements as would lead any intending purchaser to inquiry, and the legal owner of the note having the right to rely upon this endorsement, and the trust company blindly placing its confidence in Schintz, it should sustain whatever loss the agreement or fraudulent acts of Schintz caused. When appellant, thus charged with notice of Brugger's ownership, chose

to disregard the notice and to rely upon the representation of Schintz, it did so at its own peril, and it cannot now throw upon Brugger the consequence of its having thus confided in Schintz's assurances. A person charged with notice who takes unmatured paper takes it subject to all the equities which reasonable inquiry by the taker, arising from such notice, would develop. Had the trust company made any inquiry of any of the parties to the note it would at once have discovered that Brugger was the true holder of the note. Being thus charged with notice it is immaterial whether or not the purported extension was binding upon Brugger.

The judgment of the Appellate Court is correct and is affirmed.                    *Judgment affirmed.*