**Frank A. Henshaw et al., Appellants, v. Harry W. Christian et al., Appellees.**

**Gen. No. 14,102.**

1. ASSIGNMENTS—*who not bona fide holders for value without notice.* A bank who takes by assignment certificates representing a fund in the hands of a municipal corporation is not a *bona fide* holder without notice, even though it has paid value, where the assignment to the bank is made by the parties designated in such certificates who are therein designated as "trustees."

2. TRUSTS—*when action lies to recover trust funds. Held,* that the action in this case was properly prosecuted by the trustees in question and that such trustees were not guilty of laches.

Bill in chancery. Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded with directions. Opinion filed October 6, 1908.

**Statement by the Court.** The appellants and one D. S. Place became trustees of the "Chicago Auburn Park Land Trust" in 1892. D. S. Place died in 1898 and the defendant, Harry W. Christian, was made trustee in place of and as successor to said Place. During his lifetime and previous to the formation of

the land trust, said Place had been holder in trust of the lands afterward held by the land trust and as such trustee was managing and improving the property. When putting in water pipes said Place made an arrangement with the city of Chicago by which the latter agreed to refund under certain conditions to the owners of the land any money expended for water pipes, and the city delivered to said Place, acting as trustee, certain certificates setting forth that Place had deposited a total sum of $10,959.47 with the city, which would be refunded according to the terms of the certificates. These certificates were made out to Place, who, upon formation of the "Chicago Auburn Park Land Trust," indorsed them and delivered them to the trustees of said land trust. In 1902 it appears that these certificates were placed in the hands of defendant, H. W. Christian, the successor as trustee of the deceased D. S. Place, apparently on said Christian's representations that he could effect an arrangement with the city whereby the latter would make a present payment on the certificates. For this purpose and at his request the certificates were placed in his possession and he receipted therefor December 31, 1902.

Subsequently Christian, by one James H. Christian, applied to the State Bank of West Pullman and on or about January 13, 1903, obtained a loan of $2,500, for which he gave his own note. He obtained also $2,500 additional upon a note executed by his wife. To secure payment of these notes there was delivered to the bank and the latter accepted as collateral security one of these certificates issued to D. S. Place, and which Christian had obtained possesion of as above stated. It was numbered 79 and called for $7,164.35. In the year 1902 the same bank had loaned to one A. B. Rockwell the sum of $2,500, upon his personal note without other security. This note matured February 4, 1903, and at Rockwell's request the bank renewed the loan upon receiving as collateral security a like certificate numbered 182 for $3,795.12. This also was one of the

certificates issued to D. S. Place which Christian held as trustee representing the Chicago Auburn Park Land Trust, for adjustment with the city. These certificates were issued by the Department of Public Works of the City of Chicago. Certificate No. 79 was dated November 11, 1890, and certified that D. S. Place had advanced the sum of $7,164.35 for laying water pipe, and that the amount would be refunded to him without interest from money belonging to the water tax fund in the city treasury when the permanent revenue from said water pipe should equal five cents per foot per annum. This certificate was indorsed when delivered to the appellee bank as follows: "D. S. Place. H. W. Christian, Trustee of Chicago Auburn Park Land Trust." Certificate number 182, also issued by the Department of Public Works, was of like purport and in like form. It certified that "D. S. Place & Co. have advanced the sum of $3,794 12/100" for water pipe, to be refunded upon conditions the same as those stated in the certificate numbered 79. This certificate when delivered to the bank was indorsed "D. S. Place & Co., H. W. Christian, Trustee of Chicago Auburn Park Land Trust."

The original bill of complaint prayed that Christian be directed to deliver the certificates to the appellants as trustees, and on February 4, 1905, the court by final decree so ordered. Failing to obtain them and being unable to find defendant Christian when it was sought to serve him with a writ of attachment, appellants filed a supplemental bill March 31, 1905, making unknown holders of the certificates parties defendant. The State Bank of West Pullman answered, setting up its claim of title to the certificates. The decree appealed from reversed the former decree and adjudges the bank to be the "lawful, absolute and rightful owner" of the certificates which it had sold to satisfy its claims against Christian and Rockwell respectively, and that it had become "the purchaser for value and

without notice of any kind or character of any interest of the complainants.''

KERR & KERR, for appellants.

WILLIAM E. O'NEILL, for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of the appellee bank *inter alia* that the certificates were assignable by indorsement and that such assignment vested the property in the bank as assignee under section 4, chapter 98 R. S. The material question, however, is whether the defendant bank took the certificates in good faith, without notice of complainants' title. It is true as said in Olds v. Cummings, 31 Ill. p. 192, that ''there are many cases in which the assignees have been protected against latent equities of third persons whose rights or even names do not appear on the face of the mortgage.'' In the case at bar, however, the fact appears by the indorsement of Christian upon the certificates that he held them and indorsed them as ''Trustee of Chicago Auburn Park Land Trust.'' The indorsement upon which the bank accepted the certificates as collateral security for loans made to Christian and his wife personally did not purport to be the personal indorsement of Christian. That indorsement did not indicate that Christian had or even claimed any personal interest in the certificates. According to the testimony of the president of the defendant bank the first loan was made on the representations, not of H. W. Christian, but of one James H. Christian, to the effect that the certificate was ''a part of Harry's profits.'' Apparently the bank officials did not even interview H. W. Christian himself at all, much less appellants, before making the loan on his personal note. They seem to have entirely ignored the fact pointed out by the indorsement that Christian had no personal inter-

est in the certificate but held it only as a trustee. The money was paid by check, not to H. W. Christian but to James H. Christian, without any conference apparently with the trustee H. W. Christian, who made the indorsement, and without any effort to inquire as to the interest of the land trust. When the other certificate was taken by the bank as collateral to Rockwell's note no inquiry at all seems to have been made as to the ownership of the certificate or the right of Rockwell to use it as collateral to his own note. Yet in each case, as we have said, the certificate showed upon its face and gave ample notice to the defendant bank by the indorsement that the Chicago Auburn Park Land Trust was the beneficial holder. Title & Trust Co. v. Brugger, 196 Ill. 96-98, is in point.

It appears to be the contention of the defendant bank that while the alleged assignment to the bank would not deprive the city of Chicago, as maker of the certificates, of any defense it might have "against the original holders of these certificates," that nevertheless the bank could deliberately disregard the rights of the real owner, no matter how clear and explicit was the notice of such owner's interest. We know of no principle of law supporting such contention. As a matter of fact in the case at bar it would be difficult to conceive of more direct notice of the title of the "Chicago Auburn Park Land Trust," represented by complainants herein, than the indorsement under which the bank claims ownership.

The claim that complainants are estopped from disputing the bank's title or its power of disposition of the certificate, because it is said they had "clothed Harry W. Christian with all the usual *indicia* of ownership of the certificates," has no force in view of what we have said above to the effect that by his own indorsement said Christian notified the bank that he held them only as trustee for the Land Trust. It is not contended that the certificates were negotiable instruments, and there is no room, we think, for reason-

able controversy under the evidence as to the owner-ship of the land trust and the right of appellants thereto as trustees.

By the terms of the trust agreement the trustees are given power to represent the shareholders "in all suits or legal proceedings;" and it is further pro-vided "whether the trust be determined by lapse of time or otherwise" that the power of the trustees shall continue to enable them to prosecute and defend all suits pending at the time of such termination and "to do all other acts necessary or properly incidental" to winding up the trust. It is, we think, clear that this action to recover property of the trust for the benefit of the shareholders is necessary and properly inci-dental to winding up the trust. We are unable to con-cur in the contention that complainants are guilty of laches in not commencing the suit within less than a year and eight months after the certificates were placed in Christian's hands for adjustment with the city. We are of opinion that the defendant bank was guilty of negligence in failing to make due inquiry as to the rights of the land trust in view of the notice given it by the indorsement on the certificates.

For the reasons indicated the decree of the Superior Court must be reversed and the cause remanded to that court with directions to enter a decree not incon-sistent with the views above expressed.

*Reversed and remanded with directions.*