M. R. Schmahl, Appellant, v. Aurora National Bank
et al., Appellees.
Isidor J. Leins et al., Cross-Appellants, v. M. R.
Schmahl, Cross-Appellee.

Gen. No. 9,663.

Heard in this court at the May term, 1941.

Opinion filed July 9, 1941.

BEAMISH, EDWARDS & BRUNNEMEYER and ROBERT E. DOLPH, both of Aurora, for appellant and cross-appellee; J. EMIL BRUNNEMEYER, ROBERT E. DOLPH and H. L. BEAMISH, all of counsel.

MATTHEWS, JORDAN & DEAN, of Aurora, for appellees and cross-appellants; JOHN T. MATTHEWS and ROBERT J. JANDA, both of Aurora, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Kane county in a foreclosure suit by appellant, M. R. Schmahl, against appellees and cross-appellants.

On June 23, 1932, appellees executed and delivered to the Aurora National Bank their promissory note for $5,000, payable to bearer, due in five years, secured by a trust deed on certain real estate in the city of Aurora, as collateral to an unsecured demand note of Isidor J. Leins for $9,300, dated June 1, 1932, payable to the bank. The trust deed was subordinate to a first mortgage to a building and loan association.

In March 1933, the bank was closed by the comptroller of the currency and a receiver was appointed. On October 31, 1936, it appearing that appellees were insolvent, an agreement to settle the indebtedness, then amounting to $4,200.98, for $1,500, was entered into between them and the receiver. $500 of the agreed settlement price was paid that day. The balance was to be paid in two equal instalments of $500 each, on February 20, 1937, and May 20, 1937.

On November 9th, 1936, Leins assigned to the receiver fifty per cent of the rentals, to be applied on the unpaid $1,000. Pursuant to the agreement and at the direction of the comptroller of the currency the receiver filed a petition in the circuit court, ex parte, and on February 16, 1937, obtained an order of the court authorizing the settlement for $1,500, $500 being payable as a down payment, $500 to be paid in ninety

days, and the remaining $500 in six months, with interest at 5 per cent, and upon full payment the notes and trust deed to be·canceled and returned to. appellees. Appellees paid $400 of the second $500 in four instalments of $100 each, on March 4, March 20, June 26 and July 10, 1937. No further payment was made.

On December 1, 1939, upon an *ex parte* petition of the successor receiver, the court vacated the prior order and authorized the successor receiver to sell the notes and trust deed to Mrs. E. M. Riddle for $1,000 cash. They were assigned to her on November 28th, and the next day she assigned them to appellant for $2,500. Shortly thereafter appellant commenced the instant foreclosure suit. After the issues had been made up a hearing was had resulting in a decree which found that the order vacating the prior settlement order was entered without notice to appellees and is null and void. Foreclosure, however, was decreed for the unpaid balance of $600 together with interest, costs, and attorney's fees of $145.

Appellant contends the court erred in holding the vacating order void and in not allowing him reasonable attorney's fees; and that he is entitled to a decree for $4,856.69 as of May 3, 1938, with interest. The amount so claimed would be the amount of the debt on the date mentioned if the settlement agreement had not been made. Appellees and cross-appellants claim the court correctly held the vacating order is void, but erred in failing to further hold that neither Mrs. E. M. Riddle nor appellant obtained any title to the notes and trust deed, and consequently were not entitled to foreclose or to receive any payment from appellees.

During the year 1939, up to September of that year, Leins and N. H. DuSell, assistant to the successor receiver, had five or six conversations about the indebtedness. DuSell testified he said something would have to be done about completing the settlement; that Leins was always going to raise some money but did

not do so, and the matter would go along another month, with the same result each time. They talked about a further reduction in the amount of the settlement. In April 1939, Leins turned over to DuSell an appraisal of his assets and testified that he told DuSell it had been made at the suggestion of the former receiver, to be submitted to the comptroller of the currency; that DuSell said that was a matter with which he was not concerned, but promised Leins to submit it, and had never done so; and that he, Leins, never told DuSell he would not go ahead with the original settlement. The receiver never attempted to enforce the assignment of the rents. Leins did not learn his offer of further compromise was rejected or that his notes had been sold until he was served with summons in the foreclosure suit.

Appellant's claim that notice to appellees was not necessary to the validity of the vacating order is without merit. The Federal statute (12 USCA title 12, par. 102), under which the order authorizing the settlement was made, provides in part that the receiver "upon the order of a court of competent jurisdiction may sell or compound all bad or doubtful debts, and, on a like order, may sell all real and personal property of such association, upon such terms as the court shall direct." It thus appears that an order of the circuit court either authorizing or approving the settlement agreement was a prerequisite to its validity. (*Strong v. Burden,* 311 Ill. App. 255 and cases there cited which opinion is this day filed.)

While it is true that the receiver in the instant case, by filing his *ex parte* petition and procuring from the circuit court of Kane county the order of February 16, 1937, authorizing the settlement for $1,500 submitted himself to the jurisdiction of that court for the purpose of that particular application and order, yet, by so doing, he did not thereby submit himself or the affairs of the bank to the general jurisdiction of that court.

*Fifer v. Williams* 5 F. (2d) 286. When the receiver invoked the jurisdiction of the court and submitted himself thereto to obtain the necessary settlement order he and his successor cannot be permitted thereafter to say they are not bound by the proceedings. The order and settlement contract were therefore legal and binding on both parties.

In *Dugger v. Cox,* 100 F. (2d) 834, cited by appellant, the court, on the hearing for confirmation of a sale of bank assets, first confirmed the sale, and then permitted the bids to be reopened. It was held the proceeding for confirmation was *ex parte* and the statute did not contemplate notice to those interested and there was none of the essentials of a legal controversy. The transactions there were in a single proceeding for confirmation of a sale. That case has no application here where nearly two years had elapsed after an order was entered authorizing a legal and binding contract of settlement, and that contract had been partly performed and never terminated. Appellant cites no authority holding that any court may vacate or ·modify in substance a prior legal order of the court without notice to the interested parties.

It has been repeatedly held that after a term of court has expired, the court has no authority to amend or modify a decree except as to matters of form and after notice to the opposite party. (*Wilson v. Fisher,* 369 Ill. 538; *People ex rel. Sweitzer v. City of Chicago,* 363 Ill. 409; *Cummer v. Cummer,* 283 Ill. App. 220). The Civil Practice Act of 1933 substitutes a thirty-day period in place of a term of court. (Ill Rev. Stat. 1939, ch. 110, par. 174 [Jones Ill. Stats. Ann. 104.050].) A corollary is that the court has no authority to vacate an order after the expiration of the thirty-day period. The chancellor correctly held the vacating order, entered nearly two years after the entry of the original order, and without notice to appellees, was null and void. As a valid order of the court is a requisite to

a receiver's sale, Mrs. Riddle derived no title to the notes and trust deed, and consequently could pass none to appellant.

There is another reason why the attempted vacating order and sale were invalid. Some of the instalment payments were accepted after the due date and were not in the full amount due. There were negotiations. and forbearances during a period of two years. Leins was never notified to pay the delinquent amounts within any certain time or of an intention to declare a forfeiture. Delays in performance of a contract may be waived by conduct indicating an intention to regard the contract as still in force. (*Cottrell v. Gerson*, 371 Ill. 174; *Railway Passenger & Freight Conductors' Mut. Aid & Benefit Ass'n v. Tucker*, 157 Ill. 194; *Evans v. Howell*, 211 Ill. 85; *McArthur Bros. v. Whitney*, 202 Ill. 527.) After delays in performance have been waived, a contract cannot be rescinded for failure strictly to perform without giving notice and a reasonable opportunity to perform. (*Plummer v. Worthington*, 321 Ill. 450; *Hibernian Banking Ass'n. v. Bell & Zoller Coal Co.*, 181 Ill. App. 581; *Worth-Huskey Coal Co. v. Columbia Malting Co.*, 230 Ill. App. 165; 1 Am. Jur. 251, par 65.) The conduct of the receiver amounted to a waiver of strict performance, and appellees were entitled to notice and an opportunity to perform before the contract could be rescinded. Under these authorities and the facts in the record the settlement order and the settlement contract were still in force and so remained after the purported vacating order. So long as they were in existence nobody could obtain title to the notes and trust deed except subject to the conditions mentioned.

We do not agree with appellant's contention that he is a holder in due course and as such is entitled to payment of the full amount of the unpaid face of the notes and interest. The alleged assignments were made about seven and one-half years after the date of

the $9,300 demand note, more than two years after
the due date of the $5,000 collateral note and more than
two years after any payments were made. Section
52 of the Negotiable Instruments Act (Ill. Rev. Stat.
1939, ch. 98, par. 72 [Jones Ill. Stats. Ann. 89.072])
provides: "A holder in due course is a holder who
has taken the instrument under the following condi-
tions: . . . 2. That he became the holder of it before
it was due." This demonstrates that appellant was
not a holder in due course of the $5,000 note. Section
53 of the same act provides: "Where an instrument
payable on demand is negotiated an unreasonable
length of time after its issue, the holder is not deemed
a holder in due course." Section 192 provides: "In
determining what is a 'reasonable time' or an 'un-
reasonable time,' regard is to be had to the nature of
the instrument, the usage of trade or business (if
any), with respect to such instruments, and the facts
of the particular case." We are of the opinion that
under these sections appellant is not a holder in due
course of the demand note, and we so hold. Further-
more, appellant and Mrs. Riddle are charged with
knowledge of the Federal statute which requires an
order of court authorizing the receiver to sell or com-
pound any of the assets of his trust. With such knowl-
edge they would be put on notice as to all matters con-
tained in the order authorizing the sale to Mrs. Riddle.
That order shows the former settlement order and that
it was entered more than two years previously. The
assignment on the back of each note was by the re-
ceiver. The expression of a holder's or transferor's
fiduciary character on the face of a negotiable instru-
ment is notice to the purchaser of a probable limited
or restricted authority. (8 C. J. 515, sec. 722). The
purchaser is charged with notice of such limitations
of the trustee's authority as a reasonable inquiry would
disclose. (*Chicago Title & Trust Co. v. Brugger*, 196
Ill. 96; *Owens v. Nagel*, 334 Ill. 96). Section 52, *supra,*

also requires: "4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect of title in the person negotiating it." Section 58 provides: "In the hands of any holder other then a holder in due course, a negotiable instrument is subject to the same defense as if it were non-negotiable." One taking past due paper is chargeable with notice of all equities between the original partie* but not with equities between intermediate endorsers. (*Young Men's Christian Ass'n Gymnasium Co. v. Rockford Nat. Bank,* 179 Ill. 599.) No case of equities between endorsers is presented here. The receiver was not an intermediate endorser or transferee but merely stood in the shoes of the bank. Under thes( authorities appellant is not a holder in due course. This defense was sufficiently raised in the circuit court by the answer of appellees in which the assignments of the notes and their ownership by appellant is denied. He does not hold the indebtedness by a valid assignment and is not entitled to payment of any amount thereunder. The notes and trust deed are and will remain a part of the assets of the receiver's trust unless and until proper proceedings are had to terminate the settlement agreement and to thereafter assign the indebtedness.

That part of the decree holding the vacating order void is affirmed. In all other respects the decree is reversed and the cause is remanded with directions to enter a decree consistent with the views herein expressed.

*Decree affirmed in part and cause reversed and remanded with directions.*