### FISCHER v. KARL et al.
### No. 6719.

District Court, E. D. New York.
Nov. 22, 1946.

Harry Price, of New York City, for plaintiff.

Kenyon & Kenyon, of New York City, (Ralph L. Chappell, of New York City, of counsel), for defendants.

MOSCOWITZ, District Judge.

These are two motions. The first one made by the defendants requiring, "That the Plaintiff file a bond as security for costs in the sum of Five Thousand Dollars ($5,000.00) and for attorneys' fees as provided in Title 35 U.S.C.A. § 70, as amended August 1, 1946, Public Law 587 of the 79th Congress". The second one, by the plaintiff for leave to file an amended complaint.

■ Pursuant to Civil Rule 45 of this court whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or of the rules themselves, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity of the United States, or if there be none, then the procedure which shall then prevail in the Supreme Court of the State of New York shall be applied. Under such practice a non-resident plaintiff, such as here, can be required to post security for costs. The portion of the motion dealing with security for costs has been withdrawn.

■ Under the Patent Statute 35 U.S.C.A. § 70, as amended August 1, 1946, Public Law 587 of the 79th Congress, Chapter 726, the Court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment in any patent case. If after the trial the Court could make such an award it could in advance of the trial require a non-resident plaintiff to post security to cover the fees of the defendant's attorney in advance of the trial. While the presumption of validity of a patent has been greatly reduced almost to the point where the presumption is the other way, nevertheless a patent should be presumed to have some value until the contrary is established; that was the intent of the Congress. This Court cannot determine in advance of the trial, not having the evidence before it, whether or not the plaintiff will prevail. It would cast an undue burden upon a plaintiff to require him to post a bond to cover the defendant's attorney's fees, in effect such might, if plaintiff were unable to furnish a bond, dispose of the litigation without a trial. It is inconceivable that such result was intended by the Congress. It may very well be that a patent upon its face shows without any proof that there is little probability of the plaintiff recovering in the action. In such an instance, the court would be justified in requiring a plaintiff to file a bond securing the defendant's attorney's fees. Ordinarily, it is far better that litigants should have a fair opportunity to try their case and present their evidence in an orderly way as is prescribed by law.

In view of the fact that the Court cannot determine upon an examination of the patent that it is without merit, the motion requiring the plaintiff to file security covering defendants' attorney's fees will be denied.

As to the second motion defendants object to the filing of plaintiff's amended complaint upon the ground that it contains the following alleged objectionable matter:

"said patent covering a device for converting carbon monoxide consisting of an aluminum casing.

"by making and selling an aluminum device known as VACUDEX under patent No. 2,308,059, which patent No. 2,308,059 describes an exhaust device for conditioning exhaust gases and for changing carbon monoxide into harmless gases and avoiding the danger of inhaling carbon monoxide."

It would seem that the better practice would require such motion to be made after the amendment is allowed. The Court on a motion to file an amended complaint will not ordinarily pass upon the insufficiency thereof unless it is quite apparent from a mere reading of the complaint.

Motion to amend is granted.

Settle orders on notice.