## DI FILIPPO v. PENNSYLVANIA R. CO.
### Civ. A. No. 8665.

District Court, E. D. New York.
Jan. 20, 1948.

Leo Gitlin, of New York City (Elwood S. Levy, of Philadelphia, Pa., of counsel), for plaintiff.

Louis J. Carruthers, of New York City (David J. Mountan, Jr., of New York City, of counsel), for defendant.

BYERS, District Judge.

This is a motion by defendant to compel a nonresident plaintiff to file security for costs; it is opposed because the action is under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. Section 6 of the former provides that such an

action may be brought in a District Court of the United States in the district of the defendant's residence, or where the cause arose, or where the defendant shall be doing business.

Local Rule 45 is relied upon by the defendant. That provides in substance that, in the absence of a federal statutory or Rules of Procedure provision, a procedural question shall be determined (no parallel or analogy in such statutes or rules being present) by previous procedure in equity; "or in default thereof the procedure which shall then prevail in the Supreme Court of the State of New York shall be applied".

There is no direction in the federal statutes or Federal Rules touching the giving of security for costs on the part of a nonresident of a given district. Recourse must then be had to the quoted portion of Local Rule 45 in the search for authority to grant the motion.

■ In the case of a nonresident plaintiff other than one whose cause is grounded in the Federal Employers' Liability Act, this Court has followed the State practice, and exacted such security. De Rosmo et al. v. Feeney et al., D.C., 38 F.Supp. 834; Janssen v. City of New York, D.C., 42 F. Supp. 380; Fischer v. Karl et al., D.C., 6 F.R.D. 268.

Probably these decisions are to be construed as meaning that the Court was required to exact the security in ordinary diversity cases.

Since none of those plaintiffs came into this Court asserting his statutory right to impose venue according to his own uninhibited preference (i. e. that of his attorney) it is evident that the point here involved was not presented and so could not have been decided.

Judge Kennedy has denied such a motion in Cornacchio v. Coniglio, 7 F.R.D. 749, an action under the Fair Labor Standards Act, 29 U.S.C.A. § 216(b) et seq., upon the ground that the State practice, N. Y. Civil Practice Act, Sec. 1522, cannot control in the case of a plaintiff who asserts his claim for relief under a federal statute.

Apparently Zeth v. Pennsylvania R. Co., D.C., 7 F.R.D. 612, is a decision upon which defendant relies, since it granted such a motion in a case under the Federal Employers' Liability Act, in accordance with a local rule of the District Court for the Eastern District of Pennsylvania. A quotation from that opinion reads: "The Rule is not in conflict with the venue provision of the Federal Employers' Liability Act and is therefore not invalidated by that provision." The Court continues by observing that the venue section does not indicate a legislative intention to take from the District Courts their inherent power to regulate procedural matters in cases brought before them; and that decisions denying the right to consider the doctrine of forum nonconvenience, or the unnecessary burden of expense imposed upon railways by the arbitrary selections permitted to plaintiffs under the statute, do not enter into the problem.

The contrasting views thus exposed will make it clear that the question for decision in this instance is not free from difficulty.

■ Unlike the forum of the Zeth case, this Court is not confronted by a local rule which applies in specific terms. Here the argument is based upon what may be thought of as a direction that, in the absence of statutory or clear court rule, recourse should be had to State practice, as would have been appropriate under the Conformity Act, 28 U.S.C.A. § 724, which the Supreme Court has said was repealed by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c: Sibbach v. Wilson & Co., Inc., 312 U.S. 1, at page 10, 61 S.Ct. 422, 85 L.Ed 479. Thus our Local Rule 45 may be deemed to have bridged the gap where one exists, between federal procedure and that of the State Courts, by continuing the underlying purpose of the Conformity Act, and thus to avoid judicial improvisation of procedure to meet the requirements of a given case in which federal statutes and rules do not speak.

Viewed in this light, the basis of defendant's motion may be distinguished from that which supported its own application in the Zeth case. Whether there is a basic difference in the two questions, I do not stop to inquire, since this Court has no rule

which in terms calls upon the plaintiff to file security for costs.

 Nor does it seem that the motion can be disposed of as a discretionary matter. If that were possible, I should suppose that a defendant ought to be afforded the protection of the comparatively slight security that it seeks, in order that it may have its costs if it wins the case, but seemingly the decisions are to the effect that even the presence of great expense and interference in railroad operation are matters with which the Courts have no concern in the presence of the Act of Congress upon which this plaintiff relies: Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222; Sacco v. Baltimore & Ohio R. Co., D.C., 56 F.Supp. 959, and cases therein cited. While the foregoing did not pass upon the question of court costs as distinguished from the expense of litigation, there can be no doubt that judicial opinion is unanimous to the effect that, even if the exercise of a plaintiff's choice of venue imposes an almost punitive burden upon a defendant, none-the-less Congress has spoken, and unless it speaks again in a possible spirit of fairness to railroads, the ambulatory litigant under this statute must continue to have his unimpeded way.

Sight has not been lost of the fact that this is merely a motion to compel a plaintiff to give security for costs, and that, if it were granted, the Court would neither be shirking its jurisdiction, nor limiting a plaintiff's choice of venue. It is equally clear, however, that noncompliance with the order could and doubtless would lead to dismissal under Section 1529 of the Civil Practice Act, and the judge hearing such an application would feel constrained either to grant it, in virtue of the order which the defendant now seeks, or to render the latter nugatory by deciding in effect that it was improvidently granted. The responsibility for decision therefore cannot be fairly said to be measured by the present aspect of the motion.

These reflections lead to the conclusion that Local Rule 45 cannot be construed to justify the granting of the motion, despite the failure of the applicable statute or the Federal Rules to prescribe or to suggest parallels or analogies for the decision to this procedural question; and that the practice prevailing in the Supreme Court of the State of New York, which had its statutory origin many years before the enactment of the Federal Employers' Liability Act of 1908, could not be resorted to in this matter, even if the Conformity Act were now extant. As to this, Mr. Justice Gray wrote in Luxton v. North River Bridge Co., 147 U.S. 337, at page 338, 13 S.Ct. 356, at page 357, 37 L.Ed. 194: "This direction that the proceedings * * * shall 'conform as nearly as may be to the practice in the courts of the State' must * * * give way whenever to adopt the state practice would be inconsistent with the terms, defeat the purpose, or impair the effect, of any legislation of Congress. [Indianapolis & St. Louis] Railroad Co. v. Horst, 93 U.S. 291 [23 L.Ed. 898]; Chateaugay Ore & Iron Co., Petitioner, 128 U.S. 544, 9 S.Ct. 150 [32 L.Ed. 508]; Southern Pacific Co. v. Denton, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942]."

 Since Rule 45 cannot be given greater effect than would have been accorded to the Conformity Act itself, it follows that this Court does not possess the judicial authority to even slightly impair the effect of Section 6 of the applicable statute by granting the motion, which is therefore denied. Settle order.