**PETERSON STEELS, Inc. v. SEIDMON.**

No. 10242.

United States Court of Appeals
Seventh Circuit.

April 20, 1951.

194

Roscoe C. Nash, Spencer Le Roy, Jr., Chicago, Ill., for appellant.

Joseph Z. Willner, Chicago, Ill., for appellees.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This action was brought to recover damages for breach of a contract for the sale by plaintiff and the purchase by defendants of 30,000 pounds of steel rods fabricated according to defendants' specifications. The district court sustained the defendants' motion to dismiss the complaint, considering the contract sued on unenforceable under Sec. 4 of the Uniform Sales Act of Illinois (Statute of Frauds.)[1] Plaintiff thereafter filed a motion for leave to file an amended complaint, and presented the proposed amended complaint therewith. The district court denied plaintiff's motion, saying that the proposed complaint was essentially the same as the one originally filed.

On November 22, 1948, defendants signed a written purchase order for 30,000 pounds of steel rods of a certain specification. Included in the order was the pro-

vision, "Shipping Date—Soon as pos." At the bottom of the order appeared, "Delivery 8 to 10 weeks." Plaintiff accepted the order on the following day. This written order and the acceptance thereof is the contract sued upon in this action.

Some suggestion was made during oral argument that the order here in question is not appealable. Considering that the original complaint had been dismissed, the order denying plaintiff the right to file an amended complaint was intended to and did terminate the litigation in the district court. We think it is an appealable order. Asher v. Ruppa, 7 Cir., 173 F.2d 10, 11.

Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *."

As defendants had not served a responsive pleading, plaintiff was entitled to file his amended complaint as a matter of course and was not required to ask leave of court; it was error, however, to deny such leave when the request was made. Rogers v. Girard Trust Co., 6 Cir., 159 F.2d 239, 241.

It would avail nothing to base our decision on the point that irrespective of its allegations plaintiff was entitled to file the proposed amended complaint, because undoubtedly the district court on motion would dismiss the amended complaint on the ground that it did not state a claim upon which relief could be granted, and more particularly that the contract sued on was unenforceable under the Statute of Frauds.

As a general rule the court will not pass upon the sufficiency of an amended complaint upon motion for leave to file. Fischer v. Karl, D.C.N.Y., 6 F.R.D. 268; Rupe v. Associated Electric Co., D.C.Del., 6 F.R.D. 309; Rucienski v. Vanadium Corp. of America, D.C.N.Y., 6 F.R.D. 313. However, it is a matter within the court's discretion to consider and pass upon the sufficiency of an amended pleading on motion for leave to file. Stephens v. Reed, 3 Cir., 121 F.2d 696, 699.

1. Illinois Revised Stats., Ch. 121½, Sec. 4.

No motion to dismiss the amended complaint was made. The court on its own initiative passed on its legal sufficiency. However, the issue presented is essentially the same as though such a motion had been made, and on this appeal we must accept as true the facts alleged in the amended complaint. Ohio Casualty Ins. Co. v. Farmers Bank of Clay, Kentucky, 6 Cir., 178 F.2d 570.

The proposed amended complaint must be viewed in the light most favorable to the plaintiff; it should not be dismissed unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of its claims. No matter how likely it may seem that a plaintiff may be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to prove it. Kirke v. Texas Co., 7 Cir., 186 F.2d 643, 647; Chicago & N. W. R. Co. v. Chicago Packaged Fuel Co., 7 Cir., 183 F.2d 630; Asher v. Ruppa, supra, 173 F.2d at page 12; Carroll v. Morrison Hotel Corp., 7 Cir., 149 F.2d 404, 406.

The district court interpreted the contract to provide that the steel to be fabricated was to be delivered within 8 to 10 weeks of the date of the order, and that any later oral agreement which varied such delivery date was void under the Statute of Frauds. It was admitted that delivery of the fabricated steel was not actually tendered until April 1, 1949.

The amended complaint alleged that the steel called for in defendants' purchase order was not carried in stock by plaintiff or other dealers in steel, and had to be especially fabricated by a steel mill; that on November 23, 1948, the day following the date of defendants' order, plaintiff ordered Crucible Steel Company (hereinafter called "Crucible") to fabricate the steel specified in said order; that Crucible was unable to fabricate said steel within 8 to 10 weeks after November 22, 1948; that on or about January 5, February 25, and March 15, 1949, respectively, plaintiff informed defendants that Crucible had advised that it would not be able to fabricate and ship the steel until, respectively, March 10, March 15, and March 25, 1949, and that in each of these instances, in response to such information, defendants requested and directed the plaintiff to cause said steel to be shipped and delivered to the defendants as soon as this could conveniently be done; that as a result of the requests and directions given by defendants to plaintiff, the plaintiff permitted Crucible to proceed with the fabrication of said steel which was shipped about March 25, 1949; that by reason of the fabrication of said steel by Crucible the plaintiff incurred and paid a liability in the sum of $6,360.27; that if defendants had not requested plaintiff to cause said steel to be shipped and delivered to defendants as soon as this could conveniently be done, plaintiff would have ordered and directed Crucible not to fabricate said steel and thus would have avoided incurring said liability. There was a further allegation of the tender of the steel to the defendants on April 1, 1949, and their refusal to accept it, and that plaintiff diligently endeavored to resell it, but that there was no available market therefor except as scrap steel at a nominal price, and that plaintiff holds said steel in storage for the defendants.

When a vendor refuses or is unable to perform in accordance with the provisions of a contract, the vendee may, in spite of the default, treat the agreement as in full force and effect. Kentucky Natural Gas Corp. v. Indiana Gas & Chemical Corp., 7 Cir., 129 F.2d 17, 19, 143 A.L.R. 484; Roehm v. Horst, 178 U.S. 1, 11, 20 S.Ct. 780, 44 L.Ed. 953. If the party not in default induces the other party to continue its performance or to otherwise alter its position in reliance on continued recognition of the existence of the contract, he is not permitted later to alter his position and claim that his obligations under the contract have been discharged. Kentucky Natural Gas Corp. v. Indiana Gas & Chemical Corp., supra; Hills v. McMunn, 232 Ill. 488, 83 N.E. 963.

Delays in the performance of a contract may be waived expressly or by conduct indicating an intention to regard the contract as still in force and effect.

Schmahl v. Aurora National Bank, 311 Ill.App. 228, 234, 35 N.E.2d 689.

In our opinion the proposed amended complaint states a claim upon which relief can be granted. Its allegations are sufficient to aver that the plaintiff's claim is based upon a contract in writing, a breach in time of performance thereof by the plaintiff, a waiver of such breach by the defendants, an election by the defendants to continue the contract in force notwithstanding the breach, and a reliance by plaintiff to its detriment on such waiver and election.

The district court should have permitted the filing of the proposed amended complaint, and the order denying leave to file same is reversed and the action is remanded.