Everett James PECKHAM, Plaintiff-Appellant,

v.

M. P. SCANLON et al.,
Defendants-Appellees.

No. 11837.

United States Court of Appeals
Seventh Circuit.

Feb. 27, 1957.

Rehearing Denied April 3, 1957.

Ernst Liebman, Chicago, Ill., for appellant.

Latham Castle, William C. Wines, Chicago, Ill., Francis X. Riley, Chicago, Ill., John Gutknecht, State's Atty. of Cook County, Chicago, Ill., Gordon B. Nash, Charles D. Snewind, Meyer H. Goldstein, William S. White, Jr., Edward J. Fleming, Asst. State's Attys., Chicago, Ill., of counsel, for defendants-appellees.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

MAJOR, Circuit Judge.

Plaintiff *pro se* commenced this action for damages and equitable relief predicated upon Sec. 1 of the 14th Amendment to the Constitution of the United States, Title 8 U.S.C.A. § 47 (now Title 42 U.S.C.A. §§ 1983 and 1985) and Title 28 U.S.C.A. § 1343. The complaint consists of nineteen typewritten pages and contains more than seven thousand words. Mr. Charles Liebman, counsel appointed by this court, has filed a brief on behalf of plaintiff, and through his effort some semblance of order has been brought to a situation otherwise hopelessly in confusion.

Plaintiff, on January 15, 1953, was convicted in the Criminal Court of Cook County, Illinois, of the crime of robbery and sentenced to imprisonment for a term of from two to ten years. As a result he is now confined in the Illinois penitentiary. In the interim plaintiff has attempted, without success, through numerous state court proceedings to obtain his release.

Defendant Richard B. Austin, Judge of the Superior Court of Cook County, presided as Judge of the Criminal Court and heard some of plaintiff's motions and proceedings filed subsequent to his conviction. Defendants Dropkin and Hare were assistants State's Attorney, and in such capacity represented the State in resisting plaintiff's attempt to obtain his release in a proceeding under the Illinois Post-Conviction Act, S.H.A. ch. 38, § 826 et seq. Defendant Scanlon was a former Warden of the Cook County jail, in which plaintiff was confined until his removal to the penitentiary, after conviction. Defendant Kaylor was an official court reporter at the time of plaintiff's trial and conviction. In such capacity she reported a part of such proceedings, the remainder of which

were reported by two other official reporters.

The complaint recites a long chain of abuses which plaintiff allegedly has suffered since the time of his arrest; in fact, it appears that plaintiff claims to have been abused by every official with whom he has come in contact from the time of his arrest to date, including his own lawyers and officials of the Illinois penitentiary. We need be concerned, however, only with those who are named as defendants. The complaint alleges that the defendants engaged in a conspiracy to deprive plaintiff of his civil rights. As we understand the complaint, this alleged conspiracy was entered into subsequent to plaintiff's trial and conviction. In other words, it is not alleged that any of the acts charged to the individual defendants bore any relation to plaintiff's trial and conviction. The gist of the charge against Judge Austin is that he decided the issues against plaintiff in the proceedings instituted under the Illinois Post-Conviction statute and that he should have required the court reporter, Kaylor, to furnish plaintiff with a transcript of the evidence taken at the trial resulting in his conviction, as well as certain court proceedings had prior thereto. The charge against Dropkin and Hare is that they as assistants State's Attorney resisted plaintiff's petition for relief in the post-conviction proceeding and utilized the lack of a transcript in persuading Judge Austin to decide the issues against plaintiff. The charge against Kaylor is that she negligently refused to furnish plaintiff with a transcript of the trial proceedings, even though plaintiff offered to compensate her. The charge against Scanlon is that he, as Warden of the county jail where plaintiff was confined, refused to admit to the jail an attorney whom plaintiff desired to consult concerning an appeal of his conviction to the Illinois Supreme Court. The date of this alleged refusal appears to have been on the day following plaintiff's conviction. The attorney whom it is alleged plaintiff desired to consult was not the one who had represented him at the trial. Within a few days after this alleged refusal plaintiff was removed from the county jail to the Illinois prison.

It is evident, so we think, that no cause of action was stated for violation of plaintiff's civil rights. The allegations of the complaint leave no doubt but that any and all acts charged against the Judge and the assistants State's Attorney were performed in the discharge of their official duties. Under the law as recognized in a long line of cases, such officials are immune to prosecution of a suit of the instant character. Such cases have been reviewed in two recent opinions of this court, Cawley v. Warren, 216 F.2d 74, and Jennings v. Nester, 217 F.2d 153. The Sixth Circuit has also recently rendered a decision in a case much to the point, Kenney v. Fox, 232 F.2d 288.

Under the case last cited, it would appear that the defendant Scanlon as Warden of the Cook County jail is also immune. In any event, his refusal to admit to the jail an attorney under the circumstances alleged could not, in our judgment, constitute an infringement upon plaintiff's rights. It must be remembered that plaintiff at that time was under sentence and was awaiting transfer to the state prison, which occurred a few days later. Plaintiff at that time desired to consult with an attorney, so it is alleged, with reference to an appeal of his conviction to the Illinois Supreme Court. Such refusal constituted no impediment to plaintiff's right to appeal his conviction because under Illinois law he had twenty years in which to seek a review. People v. Chapman, 392 Ill. 168, 169, 64 N.E.2d 529. It is also our view that Kaylor is immune from prosecution under the Civil Rights Act. Certainly there is no basis for a damage claim against her under the circumstances alleged. Even though we assume that she was under obligation in the absence of a court order to furnish plaintiff with a transcript of the trial court proceeding, which we doubt, she surely was not responsible to furnish an entire transcript

when she reported only a portion of the proceedings.

██ ·While the complaint alleges conspiracy, the allegation is a conclusion dispelled by the individual acts relied upon. For instance, the act alleged against Scanlon, that is, a refusal to admit an attorney to the county jail, occurred about January 15, 1953, and the act alleged against Kaylor (as well as those alleged against the Judge and the two assistants State's Attorney) occurred in the latter part of 1955. These widely related incidents do not show conspiracy, they dispel it.

██ Notwithstanding our judgment that the complaint fails to state a cause of action, we are much perturbed by the manner in which the complaint was disposed of in the court below. On April 10, 1956, prior to the filing of any responsive pleading, the court entered the following order:

"This cause this day being called on the first call of civil cases and no one responding thereto on behalf of the parties this cause is called for immediate trial, and no one responding thereto, on the Court's own motion it is

"Ordered that this cause be and the same hereby is dismissed for want of prosecution at plaintiff's costs."

On April 24, 1956, the court denied plaintiff's motion to vacate and set aside its order of April 10, 1956. It is from the order of dismissal that the appeal comes to this court. At the time of the entry of the order, plaintiff was confined in the penitentiary and not represented by counsel. He was without notice that his case would be called or any action taken on the date of its dismissal. Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *."

As already noted, no responsive pleading had been filed at the time of the court's order. Such being the situation, plaintiff contends that he was entitled as a matter of right to amend his complaint and that the court's dismissal under the circumstances was erroneous and requires a reversal.

Defendants make no direct response to this contention but rely upon a principle stated in many cases of which Helvering v. Gowran, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224, is typical. The rule as there announced is as follows, 302 U.S. at page 245, 58 S.Ct. at page 158:

"In the review of judicial proceedings the rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason."

The question as to whether this general principle can be utilized to remedy a failure to comply with Rule 15(a) has not been decided, so far as we are aware. This court in Peterson Steels, Inc. v. Seidmon, 7 Cir., 188 F.2d 193, 194, recognized the rule as conferring an absolute right to amend. The Sixth Circuit in Rogers v. Girard Trust Co., 159 F.2d 239, 241, appears to have appraised the rule in the same manner. In fact, the positive language of the rule appears to leave no room for interpretation or construction other than that it confers an absolute right, of which the pleader cannot be deprived. The general rule relied upon by defendants, if applied to the instant situation, would amount to an emasculation of Rule 15(a). It would constitute a dangerous precedent and one which likely would require repudiation in the future. In this connection we are not unmindful of defendants' contention that not only does the complaint fail to state a cause of action but that there is no possibility that a cause can be stated, taking into consideration the nature of the charges, directed as they are in the main against those immune from prosecution. The argument is plausible but its deficiency resides in the fact that it does not meet the situation. The inescapable point is that plaintiff, the same as any other pleader, in the absence of a

responsive pleading is entitled as a right to make the attempt.

For the reasons stated, we see no alternative but to reverse and remand the order of dismissal. It is so ordered.