Eugene M. FUHRER, Plaintiff-Appellant,
v.
Malcolm W. FUHRER, Defendant-Appellee.
No. 13267.

United States Court of Appeals
Seventh Circuit.
June 28, 1961.

Isidor Kahn, Milford M. Miller, Harry P. Dees, William C. Welborn, Evansville, Ind., for plaintiff-appellant, Kahn, Dees, Donovan & Kahn, Welborn & Miller, Evansville, Ind., of counsel.

Frederick P. Bamberger, Evansville, Ind., for appellee, Bamberger, Foreman, Oswald & Hahn, Evansville, Ind., of counsel.

Before DUFFY and KNOCH, Circuit Judges, and PLATT, District Judge.

DUFFY, Circuit Judge.

On July 10, 1959, this suit was commenced by filing a complaint in ten counts. It alleged a concealed fraud by defendant which led to and induced the execution of a written settlement agreement between the parties to this suit and a third person. On March 7, 1960, on motion by defendant, seven counts of the complaint were dismissed for failure to state a claim, and one count was ordered stricken from the file as scandalous; all, however, with leave to plaintiff to move to amend within fifteen days.

On March 21, 1960, plaintiff filed motions for leave to amend counts 1, 2, 3, 4, 5, 6, 7 and 9 by interlineation. On April 14, 1960, after a pretrial conference, the Court denied these motions. On this same date, plaintiff filed two additional motions, 1) to dismiss counts 8 and 10 of the original complaint without prejudice,

and 2) for an extension of thirty days in which to prepare motions to amend the complaint. On May 17, 1960, the Court entered an order granting the first motion and denying the second.

On June 13, 1960, plaintiff appealed from the May 17, 1960 order, but this Court dismissed the appeal on the ground that the May 17th order was not a final order or judgment. On October 12, 1960, plaintiff employed new counsel, and on October 31, 1960, an amended complaint in three counts was filed. On December 19, 1960, the District Court sustained the defendant's motion to strike the amended complaint and dismissed the plaintiff's action.

On January 11, 1961, the plaintiff, pursuant to Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A. moved the District Court for an order vacating and setting aside the December 19th judgment for the purpose of permitting the filing of an amended complaint. On January 18, 1961, the Court denied the motion and the plaintiff here appeals to this Court from both the December 19th and the January 18th orders.

■ The plaintiff contends that under Rule 15(a) of the Federal Rules of Civil Procedure, he has the absolute right to file an amended complaint. Rule 15(a) provides that, "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *". A motion to dismiss is not a responsive pleading within the meaning of this rule. Peterson Steels, Inc. v. Seidmon, 7 Cir., 188 F.2d 193.

A literal reading of Rule 15(a) might suggest that a plaintiff would be entitled as of right to one amendment to his complaint without any limit of time, despite the filing of a motion to dismiss. This has led some courts and commentators to interpret Rule 15(a) as subject to the qualification that the plaintiff may not amend after the court has dismissed the complaint except upon leave of the court. United States v. Newbury Mfg. Co., 1 Cir., 123 F.2d 453; Kelly v. Delaware River Joint Commission, 3 Cir., 187 F.2d 93; 3 Moore, Federal Practice § 15.07, page 826 (2d ed. 1948).

This Court has taken a more liberal view of Rule 15(a). In the Peterson Steels case, supra, the action was for breach of contract. The District Court sustained the motion to dismiss. Plaintiff thereafter filed a motion for leave to file an amended complaint. The District Court denied the motion saying the proposed complaint was essentially the same as the one originally filed. This Court said, at page 194 of 188 F.2d, "As defendants had not served a responsive pleading, plaintiff was entitled to file his amended complaint as a matter of course and was not required to ask leave of court; it was error, however, to deny such leave when the request was made."

In Peckham v. Scanlon, 241 F.2d 761, 764, this Court approved a liberal interpretation of Rule 15(a), and at page 764 said, "This court in Peterson Steels, Inc. v. Seidmon, 7 Cir., 188 F.2d 193, 194, recognized the rule as conferring an absolute right to amend."

■ When plaintiff filed his motions on March 21, 1960, they were for leave to amend certain counts of the complaint by interlineation. Plaintiff did not seek to amend as a matter of right, and the District Court refused to grant him permission to amend. No attempt was made to file an amendment as of course and without asking permission of the court until October 31, 1960, when plaintiff's new counsel filed the amended complaint containing three counts. No responsive pleading had been filed up to that date. At least two of the grounds relied on by the Court to strike this complaint were that plaintiff had not sought leave of the Court under Rule 15, and that he failed to obtain leave of the Court or written consent of the defendant for the filing of an amended complaint.

We think plaintiff was entitled to file the amended complaint containing three counts as of course. Leave of the Court was not necessary.

The District Court properly considered the amended complaint upon the merits.

This complaint did not refer to or adopt the original complaint or any part thereof. The counts were based on a theory of damages for concealed fraud in the violation of a confidential and trust relationship, both as to an express trust and a constructive trust in Fuhrer Ford Milling Company stock, its earnings and dividends. Also, for misrepresentation by the defendant while acting in a fiduciary and trust relationship.

The motion to dismiss the counts of the original ten-count complaint were sustained primarily on three grounds, 1) failure to allege facts that the plaintiff had any interest in the property in question; 2) the original conveyance to the defendant was in violation of the Indiana criminal statute forbidding defrauding of creditors; and 3) the Indiana statute of limitations. The motion to amend by interlineation was denied on the ground that none of the proposed amendments cured the fatal defects in the original complaint.

■ Rule 15(a) of the Federal Rules of Civil Procedure relied upon by the trial court explicitly provides that leave of court to amend "shall be freely given when justice so requires." The Federal Rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings. McHenry v. Ford Motor Co., 6 Cir., 269 F.2d 18. Leave to amend should be freely given unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of his claim. Kingwood Oil Co. v. Bell, 7 Cir., 204 F.2d 8, 13. In Kingwood, we stated, at page 13, "No matter how likely it may seem that a plaintiff may be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to prove it."

As hereinbefore stated, the District Court should have permitted the filing of the October 31 three-count complaint. It contained the clear and specific allegations that defendant had breached his fiduciary and confidential relationship to the plaintiff, and that by means of false and fraudulent representations, defendant had induced plaintiff to settle his interest in the trust *res* for a fraction of its actual worth.

Running through the several opinions and decisions of the District Court herein is the conclusion that the allegation in the original complaint that the transfer of property to the defendant by his father was a complete and absolute bar to the recovery in this suit by plaintiff, a non-resident of Indiana. After alleging that the father of plaintiff and defendant was a man of substantial means, holding important positions such as bank president and president of the Fuhrer Ford Milling Company, the original complaint stated the father had endorsed notes of customers and conceived he might be required to make good thereon; that on May 4, 1925, the father transferred to defendant for safe keeping, 171¾ shares of the 271¾ shares owned by him of the milling company stock. Apparently, the father's fears were unfounded as the record discloses he satisfied this liability by paying a nominal sum.

■■ We hold that the allegation just described fails to show such fraud on the part of the father or such a violation of the Indiana criminal code which would, in itself, constitute a fatal admission against interest and which was incurable by amendment. The effect which the allegation may have as an admission against interest would depend on a number of factors including the financial condition of the father and his intent at the time of the transfer. Assuming, but not deciding, that a valid affirmative defense might be made on this ground, on a motion to dismiss, the facts alleged must be viewed in a light most favorable to the plaintiff.

In any event, the amended complaint in no way refers to or adopts the allegations of the original complaint. The averment which the District Court found objectionable was not repeated in the amended complaint.

In Nisbet v. Van Tuyl, 7 Cir., 224 F.2d 66, 71, the District Court sustained de-

fendant's motion for summary judgment against the plaintiffs on an amended complaint. On appeal, in support of the District Court's action, the defendant argued that the original complaint contained admissions which estop plaintiffs from maintaining their alleged action set forth in the amended complaint, and that it was proper for the Court to consider the unexplained admissions. This Court disagreed, and held at page 71:

"Upon a motion for summary judgment the court, in considering the pleadings upon which the motion is in part based, considers amended pleadings rather than prior pleadings superseded by the amended pleadings. An amended pleading ordinarily supersedes the prior pleading. The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes *functus officio*. 71 C.J.S., Pleading, § 321, p. 717. Therefore the argument of defendants in this regard is untenable. Upon a trial of the issues raised by the pleadings, including the amended complaint, a complaint superseded thereby might well be offered in evidence by the defense if it contains material admissions by the plaintiffs named in the amended complaint. Such evidence would be admissible in order to enable the court to determine the facts upon the issues being tried. Conversely, upon the trial, plaintiffs would be permitted to show by evidence the explanation, if any there be, as to why the facts relied on by defendants as admissions were stated in the amended complaint differently than the way in which they were stated in the original complaint."

The relief asked for in the amended complaint is not barred by the statute of limitations. The complaint alleges a concealed fraud. The proof on this point at the trial may well establish the defense of the statute of limitations is not available.

Reversed and remanded.