369 F.2d 256
 Barnett SARFATY, Philamena Connor, Emma Briscoe and Kathleen Hart, Plaintiffs-Appellants,
v.
Joseph NOWAK, Mayor of the City of Calumet City, Illinois, Lawrence J. Giovingo, Frank Prekawas, Jr., Joseph Sanye, Mrs. Sarah Mase, Jerome A. Schmitt, Herbert J. Breclaw and John Jaranowski, Jr., Members of the Council of the City of Calumet City, Illinois, and Casimir E. Linkiewicz, Chief of Police of the City of Calumet City, Illinois, Defendants-Appellees.
 No. 15435.
 United States Court of Appeals Seventh Circuit.
 October 5, 1966.
 Rehearing Denied January 4, 1967.
 
 Anna R. Lavin, John Powers Crowley, Chicago, Ill., for appellants.
 Thomas R. Bobak, Calumet City, Ill., Roman E. Posanski, Posanski, Johannsen, Krohn & Jacobs, Chicago, Ill., for appellees.
 Before DUFFY, Senior Circuit Judge, and SWYGERT and FAIRCHILD, Circuit Judges.
 DUFFY, Senior Circuit Judge.
 
 
 1
 This is a suit seeking injunctive relief, asking that enforcement of a city ordinance be enjoined. The defendants are the Mayor and Chief of Police of the City of Calumet City, Illinois, and the members of the City Council of that city. This appeal is from an order of the District Court denying a temporary restraining order pending a hearing for an injunction, and denying leave to file an amended complaint.
 
 
 2
 The complaint states that plaintiff Sarfaty is the holder of a liquor license for the Shay Club in Calumet City, Illinois, and the remaining plaintiffs are barmaids employed by Sarfaty in the operation of the Shay Club.
 
 
 3
 Among other things, the ordinance here in question provides that no female employed in a licensed liquor establishment can accept from any male patron any alcoholic or non-alcoholic beverage, nor can any such female fraternize, associate, or mingle with any male patron in such licensed establishments. The ordinance also prohibits any barmaid from soliciting the purchase of a drink from any male patron or from serving any drink that was thus solicited.
 
 
 4
 The trial court dismissed the complaint sua sponte and would not permit the filing of an amended complaint on the ground that since the Court had dismissed because of having declined jurisdiction, any amendment of the complaint would be a useless procedure.
 
 
 5
 The complaint alleged that it was part of the regular course of business of barmaids to accept alcoholic and non-alcoholic beverages from male patrons, and to fraternize, associate and mingle with such patrons in such establishments.
 
 
 6
 The complaint further alleged that if plaintiff Sarfaty were required to comply with the provisions of the ordinance, he would be thus required to violate Title 42 U.S.C. § 2000e (2) (a), in that it would be necessary for him to hire persons other than of the female sex to carry on activities normally carried on by the bartenders and barmaids in the regular course of their business as bartenders and barmaids. Sarfaty claims the ordinance would thus force him to engage in an unfair labor practice.
 
 
 7
 The barmaid plaintiffs allege the ordinance deprives them of their property without due process of law, and also denies to them the equal protection of the law. They claim that they will suffer loss of employment solely because of their sex.
 
 
 8
 The district judge announced that he was exercising his discretion to decline jurisdiction over a case which challenged the constitutionality of a penal provision prior to its enforcement.
 
 
 9
 Plaintiffs say that this suit was brought under the Civil Rights Act, and was not only an attempt to enjoin state prosecution, but also was an attempt to enjoin the enforcement of an ordinance, the enforcement of which would cause irreparable injury to the plaintiffs.
 
 
 10
 It should be noted that the concluding paragraph of Section II of the Ordinance here under question provides "* * * nor shall any of the aforesaid prohibited activities be deemed to prevent any of the aforesaid females from accepting and serving the order of a male patron or customer for any alcoholic or non-alcoholic beverage in the regular course of her employment or work."
 
 
 11
 We may not indulge in any forecasts or presumptions that the enforcement of the ordinance will be abusive. As was well-stated by the Court in City of Manchester v. Leiby (1 Cir. 1941), 117 F.2d 661, cert. den. 313 U.S. 562, at page 665, 61 S.Ct. 838, 85 L.Ed. 1522 (1941) — "* * * the notable and altogether proper reluctance of federal courts to issue injunctions against state and city officials, restraining their enforcement of criminal laws and ordinances, would lead us to adopt the most innocent interpretation until the state courts have ruled otherwise, or at least until the local officials have proceeded to act on an interpretation which brings the law or ordinance in conflict with constitutional guarantees."
 
 
 12
 Restraints are often imposed with reference to the liquor business.
 
 
 13
 The Illinois Supreme Court, in Great Atlantic & Pacific Tea Co. v. Mayor & Commissioners of Danville, 367 Ill. 310, 11 N.E.2d 388, at 392, 113 A.L.R. 1386 (1937), stated:
 
 
 14
 "The right to engage in the liquor traffic is not an inalienable right guarded by the organic law. It is not a right of citizenship nor one of the privileges and immunities of citizens of the United States. It involves no constitutional right which is violated by the mere curtailment or termination of its exercise."
 
 
 15
 The above statement has been quoted with approval by the Illinois Supreme Court in many subsequent cases, the most recent of which is Oak Park National Bank v. Village of Broadview, 27 Ill.2d 151, 188 N.E.2d 679 (1963).
 
 
 16
 The regulation by ordinance of activities of B-girls has been challenged in various courts. People v. King, 115 Cal. App.2d Supp. 875, 252 P.2d 78; City of Miami v. Jiminez (Fla.App.) 130 So.2d 109. In City of Milwaukee v. Piscuine, 18 Wis.2d 599, 119 N.W.2d 442, the Wisconsin Supreme Court held that the ordinance there in question did not violate the Fourteenth Amendment. In that opinion, the Court observed (18 Wis.2d at page 612, 119 N.W.2d at page 449) "Ever since Eve, mankind has recognized that one thing may lead to another * *."
 
 
 17
 This Court, in Egan v. City of Aurora, 275 F.2d 377, affirmed in part and vacated and remanded in part on other grounds, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 quoted at page 380 — "Federal jurisdiction is to be exerted only in exceptional cases involving such an emergency or great urgency as necessitate action to prevent irreparable injury. The jurisdiction to interfere with the proceedings of state governmental bodies charged with prosecution and punishment of offenders is an exceedingly delicate one to be exercised with the greatest of care * * *."
 
 
 18
 Appellees urge that this is a "classic case for abstention." Appellants recognize the existence of the doctrine but assert it does not apply where irreparable damage will occur to protected constitutional rights. They say that this is such a case.
 
 
 19
 Both sides cite Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) which is the Supreme Court's latest statement on the application of abstention in cases which challenge state criminal laws.
 
 
 20
 In Dombrowski, at pages 489-490, 85 S.Ct. at page 1122, the Court held abstention was not appropriate where "statutes are justifiably attacked on their face as abridging free expression, or as applied for the purpose of discouraging protected activities."
 
 
 21
 It is important to note that in Dombrowski, the Court reaffirmed the continued validity and importance of the doctrine of abstention. The Court said at pages 484-485, 85 S.Ct. at page 1120,
 
 
 22
 "Since that decision [Ex parte Young], however, considerations of federalism have tempered the exercise of equitable power,[2] for the Court has recognized that federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework. It is generally to be assumed that state courts and prosecutors will observe constitutional limitations as expounded by this Court, and that the mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings." [Footnote omitted]
 
 
 23
 In Dombrowski, the Court repeatedly referred to infringement of First Amendment rights of expression and the specific events alleged by the plaintiffs to show official interference with protected activity. In the present case, no First Amendment rights are involved, no similar history of official harassment is alleged, and the local ordinance, which appears on its face to be rather carefully and narrowly drawn, deals with an area, the liquor business, traditionally subject to substantial state regulation.
 
 
 24
 This case appears, on its facts, to be much closer to the earlier case of Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). In Douglas, the Court held that a federal court should refrain from interfering with the enforcement of a local ordinance regulating solicitations even though the ordinance was alleged (and in another case found) to violate the First Amendment. In Dombrowski, the Court quoted with approval the opinion in Douglas.
 
 
 25
 We hold that the District Court, in its sound judicial discretion, properly applied the doctrine of abstention, and was entirely justified in declining jurisdiction.
 
 
 26
 Defendants insist that the District Court committed error in refusing to permit them to amend the complaint. They cite Rule 15(a), Federal Rules of Civil Procedure, which provides, in part: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *." Plaintiffs cite Peckham v. Scanlon, 7 Cir., 241 F.2d 761; Peterson Steels, Inc. v. Seidmon, 7 Cir., 188 F.2d 193, and Fuhrer v. Fuhrer, 7 Cir., 292 F.2d 140.
 
 
 27
 The language used by this Court in the Peterson Steels and Peckham cases might be subject to interpretation that the right to amend the complaint prior to the filing of a responsive pleading is absolute. However, in Fuhrer v. Fuhrer, decided in 1961, we said in 292 F.2d at page 143: "Leave to amend should be freely granted unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of his claim."
 
 
 28
 Plaintiffs have not submitted any proposed amendment to the complaint. They have not suggested any allegations or language that would present any issue other than that passed upon by the Court. Rule 15(a) does not require a court to do a futile thing. No amendment, no matter how phrased, could be presented that would avoid the doctrine of abstention heretofore discussed and applied.
 
 
 29
 The District Court did not err in dismissing the complaint sua sponte or in denying plaintiffs' motion to amend their complaint.
 
 The judgment of the District Court is
 
 30
 Affirmed.