Joseph HAGEE, et al., Plaintiffs,

v.

CITY OF EVANSTON, Defendant.

No. 81 C 4046.

United States District Court,
N. D. Illinois, E. D.

June 16, 1982.

John Bernard Cashion, Chicago, Ill., for plaintiffs.

Jack M. Siegel, Evanston, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge.

On January 18, 1982, I granted the City of Evanston's motion to dismiss the initial complaint filed in this cause. *Hagee v. City of Evanston,* 530 F.Supp. 585 (N.D.Ill.1982). Soon thereafter plaintiffs sought leave to amend their complaint, and such leave was granted by minute order dated February 10, 1982. Evanston then filed the present motion to vacate the latter order. Evanston's position is that plaintiffs should not be afforded two opportunities to prevail.

I.

Rule 15(a) of the Federal Rules of Civil Procedure provides in pertinent part:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served.[1]

Under established doctrine, neither a motion to dismiss nor a motion for summary judgment is a "responsive pleading" within the meaning of Rule 15. *LaBatt v. Twomey,* 513 F.2d 641, 651 (7th Cir. 1975); *Fuhrer v. Fuhrer,* 292 F.2d 140, 142 (7th Cir. 1961); 6 Wright & Miller, Federal Practice and Procedure, ¶ 1483, at 411–12 (1971). Accordingly, it is well accepted that the privilege of amending as of right survives the *filing* of either motion. *Id.* If, for example, a defendant does not answer a complaint, and instead moves to dismiss for

---

**1.** Under all other circumstances, leave to amend must be sought and obtained from the court. However, "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

failure to state a claim, the opposing plaintiff retains its right to amend without court approval. Under a literal extension of this logic, the absolute privilege conferred by Rule 15 should also survive the *granting* of such a motion, for even in this scenario, the necessary "responsive pleading" remains wanting. Yet despite this logic, many courts have refused to accept the latter argument, reasoning that such a literal interpretation of Rule 15 would unduly "frustrate the desire for certainty in the termination of litigation." 3 Moore's Federal Practice ¶ 15.07[2], at 15–50 (2d ed. 1948). The Seventh Circuit, however, clearly disagrees. On numerous occasions, the Court has openly and expressly embraced the literal reading discussed above. *See, e.g., Fuhrer v. Fuhrer, supra,* 292 F.2d at 142; *Peterson Steels v. Seidmon,* 188 F.2d 193, 194 (7th Cir. 1951); *see also Mitchell v. Archibald & Kendall, Inc.,* 573 F.2d 429, 432–33 (7th Cir. 1978) (dictum); *Austin v. Board of Ed. of Georgetown,* 562 F.2d 446, 449 (7th Cir. 1977) (dictum). Therefore, the present motion to vacate must be denied. At the time plaintiffs filed their motion for leave to amend, they were still entitled to one amendment as a matter of course. An order granting Evanston the relief it now seeks would extinguish this right.[2]

Briefing was called for on this issue mainly to resolve whether language in a recent Seventh Circuit decision is inconsistent with this analysis. *See Northlake Community Hospital v. United States,* 654 F.2d 1234 (7th Cir. 1981). It is not. The plaintiff in *Northlake* brought suit under 28 U.S.C. § 1331(a), the statute conferring general federal question jurisdiction. Defendants moved to dismiss on the ground that 42 U.S.C. § 405(h) precluded plaintiff's reliance upon § 1331(a). During the course of briefing and in oral argument, plaintiff argued that 42 U.S.C. § 405(g) afforded an alternative basis for jurisdiction. The district court dismissed the suit for want of jurisdiction and entered judgment. Plaintiff then submitted an amended complaint containing a jurisdictional statement which was revised "to conform to the position that [plaintiff] had taken during oral argument on defendants' motion to dismiss." *Northlake, supra,* 654 F.2d at 1238. The court refused to accept the amended complaint.

On appeal, the Seventh Circuit noted that under *Fuhrer,* "a motion to dismiss is not a responsive pleading," and that plaintiff "was entitled to amend its complaint 'as a matter of course' at any time prior to the dismissal of the action." *Id.* at 1240. The Court next applied these principles to the facts at hand:

> [Plaintiff's] effort to assert alternative jurisdictional grounds, as demonstrated by its written memorandum in opposition to defendant's motion to dismiss and oral argument on that motion, was sufficient in our view, to effectively amend the complaint and to foreclose dismissal of the suit on the basis of [plaintiff's] defective allegation of federal question jurisdiction.

*Id.* In a footnote, the Court added:

> Since the issue is not relevant to our disposition of this case, we express no

---

**2.** It is irrelevant that plaintiffs initially (and unnecessarily) sought leave to amend. The plaintiffs in *Fuhrer* and *Peterson Steels* made similar motions, yet the court both times held that amendment as of right was proper. *Compare Vars v. International Brotherhood of Boilermakers,* 204 F.Supp. 245, 246 (D.Conn.1962) (a plaintiff that seeks leave to amend waives its right to amend as a matter of course); *In re Watauga Steam Laundry,* 7 F.R.D. 657, 658–59 (E.D.Tenn.1947) (same); *see also Matter of Edgar,* 617 F.2d 1171, 1175 & n.7 (5th Cir. 1980); *S.S. Silberblatt v. East Harlem Pilot Block,* 608 F.2d 28, 42 n.23 (2d Cir. 1979).

The present case is, however, facially distinguishable from *Fuhrer* and *Peterson Steels* in one other respect. In resolving Evanston's

challenge to Count II of the initial complaint, this court examined material outside of the pleadings and therefore treated the motion—to the extent it challenged Count II—as one for summary judgment. *Hagee v. City of Evanston, supra,* 535 F.Supp. at 588 n.6. In neither *Fuhrer* nor *Peterson Steels* was this fact pattern present. Both cases were concerned with the consequences of a successful motion to dismiss, not a successful motion for summary judgment. Nevertheless, the *Fuhrer-Peterson Steels* result should apply in the latter context as well. The rationale of these decisions is that a motion to dismiss is not a "responsive pleading" even if it has been granted. The same is true of a motion for summary judgment.

opinion on the propriety of [plaintiff's] effort to amend the complaint after dismissal of the action.

*Id.* at 1240 n.7.

There are several reasons why the dictum in footnote seven does not undermine the principles set forth previously. First of all, under the facts as viewed by the Court of Appeals, the plaintiff in *Northlake* had already amended its complaint once as a matter of right prior to the district court's dismissal. Since Rule 15 allows no more than one amendment as of right in any event, the *Northlake* plaintiff was clearly not entitled to a second post-dismissal opportunity as well. The *Northlake* Court was confronted by facts much different from those present in this case.

It also appears that the district court in *Northlake* entered final judgment prior to the plaintiff's formal submission of an amended pleading.[3] Other courts have stressed the importance of this factor while delineating the limits of the Rule 15 absolute right to amend. *See Worldwide Church of God, Inc. v. State of Cal.,* 623 F.2d 613, 616 (9th Cir. 1980); *Breier v. Northern California Bowling Proprietors' Ass'n.,* 316 F.2d 787, 789 n.1 (9th Cir. 1963); 6 Wright & Miller, *supra,* ¶ 1483, at 414–15. *But see Burch v. Snider,* 87 F.R.D. 546, 547 (D.Md.1979); *cf. Swan v. Board of Higher Education of City of New York,* 319 F.2d 56, 60–61 (2d Cir. 1963). Under *Worldwide Church* and *Breier,* for example, a plaintiff whose complaint has been dismissed can amend as of right only if the amendment is filed prior to the formal entry of judgment. Arguably, the *Northlake* Court's language in footnote seven can be read as an endorsement of such a limitation on the seemingly open-ended rights conferred by *Fuhrer* and *Peterson Steels.* Even if so, the result in this case remains unchanged. No judgment within the meaning of Rule 58 was entered prior to the filing of the plaintiff's initial motion for leave to amend.

**3.** The Seventh Circuit refers to the lower court's dismissal of "the action." *Northlake,*

II.
Defendant's Motion to Vacate Order Granting Leave to File Amended Complaint is denied. Defendant is directed to answer or otherwise plead by July 16, 1982.