Harry Edward **FLORENTINE,**
Appellant,

v.

**H. R. LANDON, District Director of Immigration and Naturalization at Los Angeles, California, Appellee.**

No. 14289.

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1955.

David C. Marcus, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Max F. Deutz, Robert K. Grean, Andrew J. Davis, Jr., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and WIIG, District Judge.

PER CURIAM.

Florentine appeals from a judgment dismissing a petition for a judicial declaration of his status as a national and citizen of the United States. In his original complaint,[1] filed November 9, 1952, H. R. Landon, as District Director of Immigration and Naturalization at Los Angeles, was named as the only party defendant. Florentine in his complaint set up no "facts" except that he alleged he was born in the United States at Los Angeles, California, and was a native born citizen and a permanent resident within the jurisdiction of the court. He set up as conclusions that the action was brought under § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903,* and 28 U.S.C.A. § 2201, under which he sought to invoke the jurisdiction of the District Court. He also concluded "that an actual controversy exists concerning petitioner's rights and privileges as a constitutional citizen of the United States between petitioner and respondents." The

most important of these conclusions is set out in the exact words in which it appears:

"Petitioner herein claims the rights and privileges as a citizen of the United States, and the respondents, through their subordinate officers, agents and employees have denied your petitioner his rights and privileges as a constitutional citizen of the United States and as a national of the United States, and have treated petitioner herein as an alien, and, more particularly, have contended and claimed that your petitioner is not a citizen of the United States and not entitled to the rights and privileges as a citizen of the United States, on the ground that he is not a national or citizen of the United States."

On March 10, 1953, Landon filed a motion to dismiss for lack of jurisdiction over the subject matter, failure to state a claim upon which relief could be granted and failure to join an indispensable party. Before hearing was had on this motion, and on April 9, 1953, Florentine filed an amended complaint in which substantially the same allegations were set up, but joined Herbert Brownell, as Attorney General of the United States, who was alleged therein to be "Attorney General of the United States and as such" "the head of the Department of Justice and Immigration and Naturalization Service." So far as the record shows, no service was ever made upon Herbert Brownell either personally or officially.

Pursuant to Rule 12(b) (1, 2, 6) of the Federal Rules of Civil Procedure, 28 U. S.C.A., Brownell, as Attorney General, appearing specially, filed a motion to dismiss the amended complaint for lack of jurisdiction over the subject matter, lack of jurisdiction over the person and failure to state a claim upon which relief

1. We do not have the original complaint before us, but it is assumed that the allegations of the amended complaint, later referred to, were the same.

* Now Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503.

could be granted. The trial court held that, since the statute upon which the petition was based, namely, 8 U.S.C.A. § 903, was repealed on June 27, 1952, c. 477, Title 4, § 403(a) (42), 66 Stat. 280, and the expiration date of this section was set for December 24, 1952, the court did not have jurisdiction over the person of the Attorney General of the United States and that his motion to dismiss under Rule 12(b) (7) is also valid since the amended complaint, filed after the expiration of the statute under which it was brought, does not state a claim upon which relief can be granted.

■ Neither the original petition nor the amended petition states sufficient facts to found the relief prayed for or any other relief. No "facts" are set up whereby it can be determined from the face of the complaint that the Attorney General, the District Director or any other of the officers or agents of the Service, did anything. They may have entertained a belief that Florentine was not a citizen or not a national, and in that sense they may have denied his status. It is not set up that there was any procedure taken or any act done inimical to Florentine or to his status. Therefore, the motion of Landon to dismiss the original complaint upon the ground that there were not sufficient facts stated to constitute a claim upon which relief could be granted should have been allowed. The motion of Landon[2] and of the Attorney General to dismiss the amended complaint on the ground that it did not state facts sufficient to constitute a claim upon which relief could be granted should also have been allowed. Assum-

ing that this is a petition for a declaratory judgment under 28 U.S.C.A. § 2201, the same ruling must be made.[3] There are no facts set up which show either a controversy between petitioner and defendants or any reason or ground for declaring that petitioner is either a national or a citizen.

■ However, even if a motion to dismiss might be sustained on this ground, it would have been the ordinary course of proceeding to allow an opportunity to amend before final judgment. Since the final order here did not provide otherwise, the dismissal operated as an adjudication on the merits. In view of the broad and cloudy nature of the allegations, petitioner might be precluded from ever raising the question of citizenship in any other proceeding. Furthermore, although this question is not adjudicated here, it is possible that the vagueness is only in the allegations. If petitioner had been denied a specific right or privilege, such as a passport to another country, on the ground that he was not a national of this country at the time the original complaint was filed, he should be permitted to set it up by amendment. If there was no such denial, the right of amendment would be futile. Since the original complaint was filed under § 903 while that statute was in its original form, an opportunity to amend should have been granted. Petitioner did amend once thereafter, but this point had not then been called to his attention. If an amended complaint is filed, the question whether a claim has been stated can again be raised and the question of whether the saving clause of the amended statute ap-

2. The trial court says in the opinion: "The parties stipulated in open court that the motion made by respondent Landon to the original petition may be considered to have been made to the amended petition." Florentine v. Landon, D.C., 114 F.Supp. 452, 453.

3. The failure to state any "facts" in the petition prevents its consideration. This section might be used to review final administrative acts or procedure, but no allegations that any proceeding is or has

been pending before the Attorney General or Landon or the Bureau of Immigration and Naturalization are made. The complaint in Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320, which is relied upon by petitioner, set up a definite denial of a passport by the Department of State upon the ground that the petitioner was not a national or a citizen. The same is true of McGrath v. Kristenson, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173.

plied to the complaint as originally filed. These questions may not arise, so this Court takes no position as to what answer should be made thereto. Petitioner is accorded the right to file an amended complaint. The order of dismissal is modified to this extent.

Remanded for further proceedings.