Stanley J. BREIER, dba Bayshore Bowl, Appellant,

v.

NORTHERN CALIFORNIA BOWLING PROPRIETORS' ASSOCIATION, a corporation, et al., Appellees.

MONUMENT BOWL, INC., a California corporation, Appellant,

v.

NORTHERN CALIFORNIA BOWLING PROPRIETORS' ASSOCIATION, a corporation, et al., Appellees.

Nos. 17694, 17695.

United States Court of Appeals Ninth Circuit.

April 17, 1963.

Joseph L. Alioto, G. Joseph Bertain, Jr., San Francisco, Cal., for appellants.

Irving S. Rosenblatt, Jr., and Robert K. Barber, San Francisco, Cal., for appellee Bowling Proprietors' Association of America.

Doyle & Clecak, William P. Clecak, Philip S. Ehrlich, Irving Rovens, Gavin, McNab, Schmulowitz, Sommer & Wyman and Nat Schmulowitz, San Francisco, Cal., Walker, Schroeder & Davis, Monterey, Cal., and J. Joseph Sullivan, San Francisco, Cal., for all appellees except Bowling Proprietors' Ass'n of America, East Bay Bowling Proprietors' Ass'n, Albany Recreation, Inc., Berkeley Bowl, Tagss, Inc., Hayward Amusement Properties, Midway Bowl, Inc., Rosarie A. Duval, d/b/a College Bowl, Raleigh W. Moore, d/b/a Piedmont Avenue Lanes, and Kenneth Prentice, d/b/a Uptown Bowl.

Faulkner, Sheehan & Wiseman, Harold C. Faulkner, San Francisco, Cal., for appellees, East Bay Bowling Proprietors' Ass'n, Albany Recreation, Inc., Berkeley Bowl, Tagss, Inc., Hayward Amusement Properties, Midway Bowl, Inc., Rosarie A. Duval, etc., and Kenneth Prentice, etc., in the Breier case, No. 17694, and East Bay Bowling Proprietors' Ass'n, Concord Bowl, Inc., and Midway Bowl, Inc., in the Monument case, No. 17695.

Stanley Mosk, Atty. Gen. of California, Wallace Howland, Asst. Atty. Gen. of

California, Mervin R. Samuel, William I. Cohen and Richard W. Giauque, Deputy Attys. Gen. of California, San Francisco, Cal., for State of California as amicus curiae.

Before MAGRUDER, JERTBERG and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

Appellants operate bowling establishments in the San Francisco Bay Area. Appellees are a number of appellants' competitors, plus five local associations of bowling establishment proprietors and the Bowling Proprietors' Association of America. Appellants brought separate actions against appellees under the Antitrust Acts (15 U.S.C.A. §§ 1 and 15) charging appellees with conspiring to fix prices for bowling in Northern California. It was alleged that appellees enforced their price-fixing agreement by excluding customers of non-cooperating bowling establishments from tournaments organized by appellees, thereby making it impossible for appellants and other non-cooperating bowling establishments to remain in business.

Appellees moved to dismiss the complaints for failure to state a claim upon which relief can be granted. The District Court concluded that the complaints failed to allege that the restraint was one upon commerce "among the several States" within the meaning of 15 U.S.C.A. § 1, and entered an order granting the motions to dismiss.

Appellants inquired whether the order was intended to preclude amendment of the complaints. The District Court responded that it thought the complaints "so inherently frail" that they were "not the subject of any amendment." Judgment was then entered denying leave to file amended complaints and dismissing the actions.

We think appellants were entitled to file amended complaints as a matter of right. "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *." Rule 15(a), Fed. R.Civ.P. A motion to dismiss is not a "responsive pleading" within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper, and a motion for leave to amend (though unnecessary) must be granted if filed. Case v. State Farm Mut. Auto. Ins. Co., 294 F.2d 676, 678 (5th Cir. 1961) (dictum); Fuhrer v. Fuhrer, 292 F.2d 140, 142 (7th Cir. 1961); Peterson Steels Inc. v. Seidmon, 188 F.2d 193, 194 (7th Cir. 1951); Ohio Cas. Co. v. Farmers Bank, 178 F.2d 570, 573 (6th Cir. 1949). See also Lone Star Motor Import, Inc. v. Citroen Cars Corp., 288 F.2d 69, 77 (5th Cir. 1961) (concurring opinion).[1]

Even if the question had been addressed to the Court's discretion, we think leave to amend should have been granted. The purpose of pleading under the Rules "is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To this end, Rule 15 "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." United States v. Hougham, 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

1. See United States ex rel. Kelly v. Bibb, 255 F.2d 772, 774 (7th Cir. 1958); Peckham v. Scanlon, 241 F.2d 761, 764 (7th Cir. 1957). But see Cassell v. Michaux, 240 F.2d 406, 408 (D.C.Cir. 1956).

The entry of *judgment* dismissing the *action* has been held to terminate the right to amend without leave. Kelly v. Delaware River Joint Comm'n, 187 F.2d 93, 94–95 (3d Cir. 1951); Feddersen Motors Inc. v. Ward, 180 F.2d 519, 523 (10th Cir. 1950); United States v. Newbury Mfg. Co., 123 F.2d 453, 454 (1st Cir. 1941). See also Clardy v. Duke University, 299 F.2d 368, 369 (4th Cir. 1962).

merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■■ As the Supreme Court indicated in Foman, amendment should not be barred as futile if the underlying facts "may be a proper subject of relief." As we have recently said, leave to amend should be allowed unless the complaint "cannot under any conceivable state of facts be amended to state a claim." Alexander v. Pacific Maritime Ass'n, 9th Cir., 1963, 314 F.2d 690. Leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect." 3 Moore, Federal Practice, § 15.10 at 838 (2d ed. 1948).[2]

There are references in the record to an impact upon interstate commerce in "equipment, appointments and furnishings" used in the construction and maintenance of bowling establishments, in bowling pins and balls used in the daily operation of these establishments, in balls, bags and shoes which they sell to bowlers, and upon an "interstate network of tournaments" organized and conducted by appellees from which appellants' customers are said to be excluded. It cannot be said with certainty that appellants will be unable to allege a relationship between appellees' conduct and commerce among the states sufficient to state a claim upon which relief can be granted under Section 1 of the Sherman Act, a statute in which Congress intended to reach "to the utmost extent of its Constitutional power" under the Commerce Clause. United States v. South-Eastern Underwriters Ass'n, 322 U.S. 533, 557–558, 64 S.Ct. 1162, 88 L.Ed. 1440 (1944).[3]

We do not decide whether the allegations of the present complaints charged a violation of the Sherman Act. The problems which would be presented on the present allegations may not arise on amended complaints. See Florentine v. Landon, 231 F.2d 452, 454–455 (9th Cir., 1955). It would be undesirable to resolve important legal questions on the basis of allegations which are incomplete and which, in that sense, may present a case which is essentially hypothetical.

■ We also decline to speculate as to whether the amended complaints will be legally sufficient. It has been said that the sufficiency of an amended pleading ordinarily will not be considered on motion for leave to amend (Peterson Steels Inc. v. Seidmon, 188 F.2d 193, 194 (7th Cir. 1951); 1A Barron & Holtzoff, Federal Practice and Procedure, § 447 at 747 (1960)); and in any event it is inappropriate for an appellate court to evaluate possible amendments not yet considered by the court below. Cooper v. American Employers' Ins. Co., 296 F.2d 303, 307 (6th Cir. 1961); Cohen v. Gensbro Hotel Co., 259 F.2d 78, 83 (9th Cir. 1958); Florentine v. Landon, 231 F.2d 452, 454–455 (9th Cir. 1955). But see Gilbertson v. City of Fairbanks, 262 F.2d 734, 740 (9th Cir. 1959). As the Court of Appeals for the Fifth Circuit recently said in a not dissimilar case, "without passing upon any of such hypothetical amendments, we think that appellant[s] should be afforded the op-

---

2. See also Cooper v. American Employers' Ins. Co., 296 F.2d 303, 307 (6th Cir. 1961); Fuhrer v. Fuhrer, 292 F.2d 140, 143 (7th Cir. 1961); Oil, Chemical & Atomic Workers Int'l Union v. Delta Refining Co., 277 F.2d 694, 697–698 (6th Cir. 1960).

3. Page v. Work, 290 F.2d 323 (9th Cir. 1961), is inapposite; "all evidence germane to the question of jurisdiction was before the court." 290 F.2d at 325. The district court and this Court concluded from that evidence that the conduct of the defendants was not sufficiently related to commerce among the states to bring it within the reach of Congress's power to regulate.

portunity to amend and the appellees an opportunity to invoke the ruling of the district court as to jurisdiction and as to the merits on such specific amendment or amendments, as the appellant[s] may offer. Only in that way, and further perhaps by motion or motions for summary judgment and affidavits in support of and in opposition thereto, can either the district court or this Court be certain that it is passing upon an actual rather than a supposed or fictitious controversy." Sayre v. Shoemaker, 263 F.2d 370, 371 (5th Cir. 1959).

Reversed.