Janie Thomas SMITH, Plaintiff,

v.

The PROCTOR AND GAMBLE MANUFACTURING COMPANY, Defendant.

Civ. No. 628.

United States District Court
E. D. Tennessee,
Winchester Division.

June 27, 1963.

Wyatt & Hickerson, Tullahoma, Tenn., for plaintiff.

Spears, Moore, Rebman & Williams, Chattanooga, Tenn., for defendant.

NEESE, District Judge.

The defendant seeks a judgment on the pleadings in this action, Rule 12(c), Federal Rules of Civil Procedure. The motion is supported by a brief, and any responsive brief of the plaintiff has been waived, Rule 12(b), Revised Rules of the United States District Court for the Eastern District of Tennessee.

This is an action removed from a state court, 28 U.S.C. ch. 89, against the defendant "Proctor & Gamble" and alleging that said defendant is a foreign corporation doing business in this state. Substituted service of process on the defendant was undertaken through the Tennessee secretary of state who forwarded a copy of the summons and declaration to "Proctor & Gamble Company, Cincinnati (1), Ohio". Thereafter, the plaintiff was permitted by the state court to amend her summons, declaration and all other pleadings in the action so as to change the designation of the defendant "Proctor & Gamble" to the defendant "Proctor & Gamble Manufacturing Company", and additional service of process was had on the defendant through its agent in Tennessee for such purpose.

 All well-pleaded facts, and proper inferences therefrom, which have emerged from the pleadings against this defendant will be treated as admitted by this defendant, Nickel Rim Mines, Ltd. v. Universal-Cyclops Steel Corp., D.C. N.J. (1962), 202 F.Supp. 170; Kenney v. Killian, D.C.Mich. (1955), 133 F.Supp. 571, affirmed C.A. 6th (1956), 232 F.2d 288, certiorari denied (1956), 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66, and the matter will be determined by Tennessee law. Erie Railroad Co. v. Tompkins (1938), 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487.

No summons, pleading, process return, or other proceeding in any civil action in any Tennessee court is to be abated or quashed for any defect or imperfection, T.C.A. § 20–1501. Immaterial errors or defects in such cases may be amended at any stage of the proceedings. T.C.A. § 20–1504.

 The defendant claims that the complaint (removed declaration, as amended) fails to state a claim on which relief can be granted in this court because it appears from the pleadings that the plaintiff's right of action did not accrue within one year next before the commencement of this action, which it is insisted, therefore, is barred by the applicable limitation of actions, T.C.A. § 28–304. This, in effect, contends that the amendment allowed by the state court cannot be related to the date of the issuance of the original writ; but such is not the law in Tennessee:

"The rule to be followed in this regard is that which is applied to amendments of pleadings. 'The general principle is that when the amendment does not set up a new cause of action, or bring in new parties, the running of the statute is arrested at the date of the filing of the original pleading. * * * It is evident that the term "new cause of action" may refer to a new state of facts out of which liability arises, or it may refer to new parties who are alleged to be entitled [sic] under the same state of facts, or it may embrace both features.' [adding citations]." Whitson, Admr. v. T. C. Ry. Co. (1931), 163 Tenn. 35, 40–41 [3], 40 S.W.2d 396.

The Court, without benefit of a responsive brief from the plaintiff, has discovered an analagous situation in Tennessee, viz., the plaintiff designated the defendant therein as "The Woodmen of the World". That defendant's proper designation was "The Sovereign Camp of the Woodmen of the World". The action of the trial court in allowing amendments

correcting that defect of misnomer was affirmed on the appeal, wherein it was said:

"* * * Misnomer of parties is not a defect attended by grave consequence, by reason of the statutory provisions so generally prevailing under which the defect may be remedied by amendment [adding citations]. The amendment is not for the purpose of changing the person, but merely of correcting the name of the same person or corporation. Our statutes * * * provide a liberal policy as to amendments. * * *" Sovereign Camp, Woodmen of the World v. Mankin, C.A.Tenn. (1927), 5 Tenn.App. 188, 191, certiorari denied.

This action was commenced in the state court on August 7, 1962 alleging the cause of action arose on August 8, 1961. It is not essential that a summons be executed to commence an action in Tennessee. T.C.A. § 28–105. Therefore, this action is not barred by T.C.A. § 28–304.

On submission within ten days by the plaintiff, agreeably with the rules of this court, of an order consistent with this opinion, the Court will overrule the defendant's motion of April 25, 1963.