**C. L. MOSER, Plaintiff,**

v.

**Wilson E. WOOD, District Director of Internal Revenue of the United States for the District of Arizona, Defendant.**

Civ. No. 4369.

United States District Court
D. Arizona.
July 14, 1964.

C. L. Moser, Phoenix, Ariz., pro se.

C. A. Muecke, U. S. Atty., Phoenix, Ariz., for defendant.

ROGER T. FOLEY, Senior District Judge.

Plaintiff seeks to recover income taxes for the Calendar Year 1953 which he alleges were erroneously assessed and collected from him in the amount of $2,016.16 with interest thereon from the date of payment.

The defendant District Director has moved to dismiss the action on two grounds:

(1) That the plaintiff has failed to comply with the conditions precedent to the maintenance of an action for the refund of federal income taxes; and

(2) That the complaint fails to state a claim against the defendant upon which relief can be granted.

Plaintiff's complaint was filed with the Clerk of the above entitled Court August 9, 1962. On October 10, 1962, defendant filed his answer responding to the allegations of the complaint. Defendant's motion to dismiss this action was filed December 16, 1963.

The following matters are alleged in plaintiff's complaint and admitted by defendant's answer:

The federal income tax return of plaintiff, with which we are concerned here, for the year 1953, was filed on or before April 15, 1954, with the Director of Internal Revenue of the District of Montana. A copy of said 1953 tax return is annexed to the complaint as Exhibit "A".

That on or about August 28, 1961, plaintiff filed with the defendant a claim for refund of income tax for the Calendar Year 1953 in the amount of $2,016.16 together with interest thereon, copy of which claim for refund is attached to plaintiff's complaint and marked Exhibit "B".

In his claim for refund, which was disallowed by the District Director of Internal Revenue in Helena, Montana, and also by the District Director of Internal Revenue in Phoenix, Arizona, plaintiff relies upon the following as grounds for the allowance thereof:

"The amount claimed here represents adjustments to my 1953 tax return, the detail of which I do not have available. However, the audit file of record in Montana will bear this out. The adjustments were based on Court decisions, and because I did not have receipt to support (receipts were in custody of Court) the assessments were made against me. The Ninth Judicial Court of Montana, Judge R. M. Hattersly, presiding, stole original $3,000.00 receipt. Is it proper for a Superior Court Judge to overrule a Writ from the Montana Supreme Court?, County Records in 1943? Judge Geo. W. Padbyry, now deceased, issued an order which your bookkeeping department based their first $950.00 assessment against me, continuing the Court's fraud. Now Judge Black insists on protecting the Court's fraud.

"My present attorney is John McCarvel, 333 Barbara Lydiard Bldg., 6th and Central, Great Falls, Mont. Charges were filed with the Federal Bureau of Investigation, in Phoenix, in July. On July 24, 1961, I

filed a claim (Form 843) with the Internal Revenue Service in Montana. They have suggested that I file another claim, which I am now doing, and ask that your office request the original return together with various attachments furnished. (Final payment of the tax in question was paid in Phoenix recently under Acct. #T–60–1687)."

While it seems apparent that the complaint was prepared by an attorney, neither the attorney mentioned in the claim for refund nor any other attorney is of record in this proceeding.

The statute authorizing income tax refunds to taxpayers should be strictly construed in favor of the Government. The reasoning supporting the above principle clearly appears in the opinion of Judge Lemmon in French v. Smyth, D. C., 110 F.Supp. 795, 797, affirmed French v. Berliner, 218 F.2d 351 (9 Cir. 1955), where he states and quotes:

"[1] For nearly a century, the Supreme Court has adhered to the rule that statutes authorizing refunds to taxpayers should be strictly construed in favor of the Government. Both the boundaries and the rationale of this doctrine were lucidly stated in Nichols v. United States, 1869, 7 Wall. 122, 74 U.S. 122, 126–127, 19 L.Ed. 125:

"'The immunity of the United States from suit is one of the main elements to be considered in determining the merits of this controversy. Every government has an inherent right to protect itself against suits, and if, in the liberality of legislation, they are permitted, it is only on such terms and conditions as are prescribed by statute. The principle is fundamental, applies to every sovereign power, and but for the protection which it affords, the government would be unable to perform the various duties for which it was created. It would be impossible for it to collect revenue for its support, without infinite embarrassments and delays, if it was subject to civil processes the same as a private person.'"

The statute and regulations controlling here are the following:

Title 26 U.S.C.A. § 7422, I.R.C.1954.

"Civil actions for refund

"(a) No suit prior to filing claim for refund.—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, * * * until a claim for refund * * * has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

Section 301.6402 [Comprises Code section 6402, see 26 U.S.C.A. (I.R.C. 1954) § 6402], Federal Tax Regulations, 1956, p. 253:

"§ 301.6402–2 claims for credit or refund * * *

"(b) Grounds set forth in claim. (1) * * * The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. * * * A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit."

As stated in the Government's Memorandum attached to its motion to dismiss, the above statutory prerequisites to a refund suit have been fully recognized by this Circuit. In Rogan v. Ferry, 9 Cir., 154 F.2d 974, 975, 976, Judge Orr, speaking for the Court, stated:

"In presenting a claim for refund to the Commissioner a taxpayer is required by section 3772 [predecessor to the present § 7422] to conform to the regulations established by the Secretary of the Treasury. * * *

"[1] It is of course the law that a suit for refund of taxes must be

based on a claim previously filed with the Commissioner, and that the claim must set forth in detail each ground on which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof."

For the purposes here, § 3772 mentioned in the above opinion is similar to § 7422 of Title 26 U.S.C.A., I.R.C.1954.

■ The reasons set forth in plaintiff's purported claim for refund have no relation whatever to the assessment or collection of the complained of tax. The said reasons merely constitute an irrelevant and unwarranted attack upon the integrity of the Courts of Montana and the Judges mentioned.

Plaintiff's claim for refund, said Exhibit "B" attached to the complaint, recites no fact or reason which, if established, would constitute a legal ground for refund of taxes. Therefore, the claim, Exhibit "A" attached to the complaint, does not comply with Paragraph (b) of § 301.6402-2. By reason of the last sentence of said Paragraph (b)— "A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit"—plaintiff may not at this date file a proper claim for refund because more than 3 years have expired since the last date plaintiff's tax return for the year 1953 was filed, i. e., March 15, 1954, Title 26 U.S.C.A. § 53, I.R.C.1939.

Title 26 U.S.C.A. § 322(b), I.R.C.1939, "Limitation on allowance

"(1) Period of limitation. Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. * * *"

As the filing of a proper claim for refund is a prerequisite to the maintenance of a suit for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, and for the reason that the purported claim, Exhibit "B" attached to the complaint, cannot be considered for any purpose as a claim for refund or credit, and for the further reason that no proper claim for refund can now be filed, the Court lacks jurisdiction of the subject matter of plaintiff's complaint. Rule 12(h) (2), Federal Rules of Civil Procedure, 28 U. S.C.A.:

"* * * that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. * *"

The complaint here cannot under any conceivable state of facts be amended to state a claim for refund within the jurisdiction of this Court. See Breier v. Northern California Bowling Proprietors' Ass'n, 9 Cir., 316 F.2d 787 (1963) on 790:

"[6, 7]. As the Supreme Court indicated in Foman [Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222], amendment should not be barred as futile if the underlying facts 'may be a proper subject of relief.' As we have recently said, leave to amend should be allowed unless the complaint 'cannot under any conceivable state of facts be amended to state a claim.' Alexander v. Pacific Maritime Ass'n, 9th Cir., 1963, 314 F.2d 690. Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'"

Here the defect cannot be corrected. This Court has no jurisdiction of the purported claim.

Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A., has no application here.

Now, therefore, it is hereby ordered that this action should be and it hereby is dismissed without leave to amend on the ground that the Court lacks jurisdiction of the subject matter of plaintiff's complaint because the plaintiff has failed to comply with the conditions precedent

to the maintenance of an action for refund of federal income taxes as required by § 7422 of 26 U.S.C.A., I.R.C.1954, and § 301.6402–2(b), Federal Tax Regulations, 1956, p. 253, and upon the further ground that the complaint fails to state a claim against defendant upon which relief can be granted.