**WORCESTER COUNTY NATIONAL BANK, a corporation, Plaintiff,**

v.

**Roy COHN, Defendant.**

**No. 69 Civ. 1884.**

United States District Court
S. D. New York,
Civil Division.

July 24, 1969.

Gasperini, Koch & Savage, New York City, for plaintiff.

Saxe, Bacon & Bolan, New York City, for defendant.

MEMORANDUM

LASKER, District Judge.

This is a motion for an order dismissing the complaint herein for a lack of jurisdiction over the subject matter pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure.

In this action on a promissory note, the court's jurisdiction is predicated on the diversity of citizenship provisions of 28 U.S.C. § 1332(a) (1). The complaint, which was served on May 8, 1969, alleges that plaintiff is a "resident, citizen, and inhabitant of the Commonwealth of Massachusetts," and that defendant is a "resident of the State of New York." Plaintiff admits that the allegation as to defendant's residence rather than citizenship is insufficient to invoke the diversity jurisdiction of this court. Sanial v. Bossoreale, 279 F.Supp. 940, 943–944 (S.D.N.Y. 1967). On May 28, 1969, defendant made this motion for an order

dismissing the complaint for lack of jurisdiction over the subject matter.

 Plaintiff sought to cure the defect by serving an amended complaint on June 11, 1969, alleging defendant's citizenship as follows:

"3. For all purposes within this action, the defendant, Cohn, is a resident, citizen and inhabitant of the City of New York, State of New York."

Rule 15(a) of the Federal Rules of Civil Procedure provides:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served."

Defendant's motion to dismiss is not a responsive pleading within the meaning of Rule 15(a). As Judge Tenney stated in Blazon, Inc. v. DeLuxe Game Corp., 268 F.Supp. 416, at 430 (S.D.N.Y. 1965):

"Plaintiff's motion to dismiss the counterclaim was not such a responsive pleading and thus did not terminate plaintiff's right to amend under Rule 15(a). Breier v. Northern California Bowling Proprietors' Ass'n, 316 F.2d 787, 789 (9th Cir. 1963) and cases cited therein."

See also Kroger Co. v. Adkins Transfer Co., 284 F.Supp. 371, 374 (M.D. Tenn. 1968). Accordingly, plaintiff had a right to amend as a matter of course, and the amendment of June 11, 1969, corrected the defective allegation.

28 U.S.C. § 1653 provides:

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

The decision in Stern v. Beer, 200 F.2d 794 (6th Cir. 1952), makes it clear that Section 1653 applies to the present situation and permits amendment of the jurisdictional allegation. The facts of *Stern* were nearly identical to those in the instant case. There, as here, the plaintiff originally mispleaded by describing the defendant as a resident rather than a citizen of the state in question. The defendant moved to dismiss for lack of jurisdiction, and the District Court permitted amendment of the pleading and denied the motion to dismiss. The Court of Appeals affirmed, stating (at 795):

"Under the foregoing authorities, we are of the opinion that, if jurisdiction actually existed from the facts at the time when the complaint was filed, even though not properly pleaded, the proper construction of Section 1653, Title 28, U.S.Code, is that the formal defect in the pleadings did not deprive the Court of jurisdiction at the time when the action was filed, if such defect was later corrected."

Accordingly, the defective allegation having been corrected in this case, the defendant's motion to dismiss is denied.

It is so ordered.