Ronald JONES, Plaintiff,

v.

TENNESSEE EASTMAN COMPANY,
etc., Defendant.

No. CIV-2-74-111.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 25, 1974.

Alfred W. Taylor, Milligan College, Tenn., for plaintiff.

H. E. Wilson, and Joe W. Worley, Kingsport, Tenn., and Rodney L. Perkins, Tennessee Eastman Co., Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

 The plaintiff Mr. Jones invoked the diversity jurisdiction of this Court. 28 U.S.C. § 1332.* He claims that he is employed by the defendant, that he was injured on such job, and seeks damages of $500,000. Thus, diversity and jurisdictional amount sufficiently appear. 28 U.S.C. §§ 1332(a)(1), (c).

The title hereof hereby is amended, so as to reflect that the defendant is Tennessee Eastman Company, a division of Eastman Kodak Company.

---

* It was stipulated that the defendant herein is properly the Tennessee Eastman Company, a division of Eastman Kodak Company, a New Jersey corporation, not incorporated by Tennessee, with its principal place of business in New York. The plaintiff has alleged that the plaintiff is a Tennessee citizen and

that he was compensated for such injury. He stated further:

\* \* \* \* \* \*

[S]ince his return to his duties, he has been \* \* \* denied his natural promotions in his work and \* \* \* denied his increases in pay, in fact, he has been reduced in his earnings. Plaintiff charges the defendant has denied him his civil rights under the laws of the [C]onstitution of these United States of America.

\* \* \* \* \* \*

\* \* \* Plaintiff \* \* \* verily believes that the defendant has conspired to defeat his right to the equal enjoyment of life and his equal rights as a citizen of this country under the Fourteenth Amendment to the Constitution of the United States \* \* \* under 42 U.S.C. 1985. \* \* \*

The defendant moved, *inter alia,* for a judgment on the pleadings. Rule 12(c), Federal Rules of Civil Procedure. For the purposes of such motion, all well-pleaded facts and proper inferences therefrom will be treated as admitted by the defendant. *Smith v. Proctor and Gamble Manufacturing Company*, D.C. Tenn. (1963), 33 F.R.D. 294, 295[1]. The thrust of the defendant's motion for a judgment on the pleadings is that the plaintiff failed to state a claim upon which relief can be granted. This is permissible under Rule 12(h)(2), Federal Rules of Civil Procedure; *Schy v. Suseugehanna Corporation*, C.A.7th (1970), 419 F.2d 1112, 1115[5], certiorari denied (1970), 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55.

■ The plaintiff has failed to state a claim under 42 U.S.C. § 1985 on which relief can be granted. That statute relates to " \* \* \* two or more persons \* \* \* " conspiring " \* \* \* for the purpose of depriving \* \* \* any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws \* \* \* " and provides that

in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). The defendant could not conspire with itself in violation of this statute. See *Fletcher v. Hook*, C.A.3d (1971), 446 F.2d 14, 15–16[1]. The fact that two or more agents or employees of this single business entity participated in the decisions to deny the plaintiff promotions or pay increases does not fall within the contemplation of the statute. *Dombrowski v. Dowling*, C.A.7th (1972), 459 F.2d 190, 196[4].

■ Neither does the plaintiff state a claim on which relief can be granted under 42 U.S.C. § 1983. Although the plaintiff makes reference in his brief to some symbiotic relationship between the defendant and the state wherein it does business, no facts are alleged in his complaint giving rise to an averment that the defendant was acting in the premises under color of state law. The immediately aforecited statute protects only federal rights that are violated under color of state law. *Glass v. Hamilton County, Tennessee*, D.C.Tenn. (1973), 363 F.Supp. 241, 243[1].

■ As to the plaintiff's diversity claim under the Constitution, Fourteenth Amendment, in his brief he agreed with the defendant that the equal protection clause of that amendment prohibits discriminatory action by a state but erects no shield against private conduct, however discriminatory or wrongful. *Moose Lodge No. 107 v. Irvis* (1972), 407 U.S. 163, 172, 92 S.Ct. 1965,

32 L.Ed.2d 627, 637[8], and admitted that they cannot recover thereunder.

Although the defendant denied in its answer certain factual averments advanced by the plaintiff, there is no substantive dispute which warrants proceeding further herein. It thus appears that the plaintiff failed to state a claim on which relief can be granted, and that the defendant is entitled to a judgment on the pleadings. Although this Court is hesitant to dismiss a civil rights action at the pleading stage, it is without doubt that under the pleadings herein the plaintiff can prove no set of facts which would entitle him to relief herein. In that situation, a judgment on the pleadings is proper. See and *cf. Conley v. Gibson* (1957), 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80, 84 (headnote 4).

Accordingly, the motion of the defendant hereby is granted, and judgment will enter on the pleadings that the plaintiff take nothing of the defendant herein. Rule 58(1), Federal Rules of Civil Procedure.