**Francis Bill BURCH, Attorney General of the State of Maryland**

v.

**Harlan T. SNIDER and Sun Oil Company of Pennsylvania.**

Civ. A. No. N–78–1176.

United States District Court,
D. Maryland.

Dec. 4, 1978.

**2.** See *Mims v. Califano,* 581 F.2d 1211 (5th Cir. 1978); also *Kennedy v. Finch,* 321 F.Supp. 303 (N.D. Florida, 1970).

George A. Nilson, Deputy Atty. Gen., Baltimore, Md., and Thomas M. Wilson, III, Charles O. Monk, II, and Michael F. Brockmeyer, .Asst. Attys. Gen., Baltimore, Md., for plaintiff.

Thomas D. Washburne and Jervis S. Finney, Baltimore, Md., Milton Eisenberg, Francis J. O'Toole and Theodore C. Hirt, Washington, D. C., and Frank R. Roark, Philadelphia, Pa., for defendants.

NORTHROP, Chief Judge.

This case is an offshoot of another case that came before the Court earlier this year—*Sun Oil Co. v. Goldstein*, 453 F.Supp. 787 (D.Md.1978). That case concerned the constitutionality of a Maryland law forbidding, for a limited time, conversion of full-service gas stations to gas-only.

One of the witnesses at the trial of the gas-only litigation was Morton Baylin, the sublessee of a Sunoco station in Baltimore. Mr. Baylin was a witness for the State. The Attorney General has instituted the present action to rectify what he perceives to be the harassment of Mr. Baylin in retaliation for his agreeing to testify for the State in the previous case. Counts One and Two of the complaint allege that the defendants conspired, in violation of 42 U.S.C. § 1985(2), to deter Mr. Baylin from testifying and to injure him because he did testify. Mr. Baylin is not a party to this suit. The third count is based on the same facts, but

asserts two different jurisdictional grounds—diversity of citizenship and "the Court's inherent power to protect its own process."

The plaintiff's basic factual contentions are that (1) during Mr. Baylin's deposition, Sun's attorney attempted to force Mr. Baylin to renegotiate his lease; (2) defendant Snider, during his trial testimony, threatened to terminate Mr. Baylin's lease; and that (3) Sun did notify Mr. Baylin that his lease would be terminated. The Attorney General asks for nominal damages of $1.00 and exemplary damages of one million dollars to be paid into the State treasury, and for various forms of injunctive relief including an injunction prohibiting termination of Mr. Baylin's lease and dealership agreement for 10 years. The defendants have filed a motion to dismiss.

### Counts I and II—The § 1985 Conspiracy Claims

Defendants assert several grounds for dismissing the § 1985 claims, and the Court finds that at least two of these grounds are sufficient to dispose of Counts I and II: First, the Attorney General does not have standing under § 1985(2) to bring this action and secondly, the complaint fails to allege that two or more legally distinct persons conspired in this case.

With respect to standing, the Attorney General claims that he has been personally injured as a "party" under § 1985 and that he can assert the rights of Mr. Baylin as a "witness" under that section. The argument that the Attorney General is a protected "party" under the statute cannot be sustained under the wording of the statute. The relevant part of § 1985(2) creates a cause of action for conspiracies:

> . . . to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, fully, freely, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified
>
> . . . . .

The statute creates a cause of action for "parties" only insofar as they are themselves deterred from or injured on account of testifying or attending federal court. The plain words of the statute do not give parties a right to sue based on intimidation of their witnesses. Mr. Burch, of course, does not allege that he was ever deterred from testifying or attending court in the gas-only litigation.

The Attorney General argues alternatively that he can assert the rights of Mr. Baylin under the *jus tertii* principles in *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), and *Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). In *Doe* and *Singleton*, physicians were given standing to attack the constitutionality of abortion statutes based on alleged injury to themselves and their patients. The Attorney General claims the same sort of standing here. The physicians in *Doe* and *Singleton*, however, were given standing to assert the constitutional rights of others. Here, the Attorney General seeks to assert the statutory rights of another, in the face of a statute which does not allow him to sue directly.

In any event, using the analysis in *Singleton*, the Attorney General does not qualify to assert Mr. Baylin's rights. The party-witness relationship is hardly comparable to the doctor-patient relationship, which the Supreme Court found to be so important in terms of the need for confidentiality and privacy. *See Singleton, supra* at 115, 96 S.Ct. 2868; *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). In addition, the Attorney General has advanced no reason why Mr. Baylin cannot bring the action himself. The Court in *Singleton* warned that:

> Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation . . . [T]he courts should not adjudicate such rights unnecessarily, and it may be that the holders of those rights . . . do not wish to assert them.

Singleton, supra, 428 U.S. at 113–14, 96 S.Ct. at 2874.

In his complaint, the Attorney General asks that Mr. Baylin be made a party plaintiff (involuntarily, if necessary) in this action. This might resolve some of the standing problems, but the § 1985 claims are deficient for another reason. Section 1985 is aimed only at conspiracies among "two or more persons." Where corporations are concerned, the general rule is that a corporation cannot conspire with its officers, employees, or agents. *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911 (5th Cir. 1952), *cert. denied*, 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953).

The Attorney General advances two reasons why the general rule should not apply to this case. First, he argues that the rule should not extend to a corporation's outside attorneys. He has identified Sun's Washington counsel as co-conspirators, although they have not been named as defendants. In *Nelson Radio*, the Fifth Circuit reasoned that agents and representatives must be considered part of the corporation because a corporation "can act only through its officers and representatives." *Nelson Radio, supra* at 914. The same logic would dictate that a corporation cannot conspire with its attorneys in these circumstances. Just as a corporation cannot act except through its agents and officers, it generally cannot participate in litigation except through counsel. *See Ashley-Cooper Sales Services v. Brentwood Mfg. Co.*, 168 F.Supp. 742, 745–46 (D.Md.1958); Annot., 19 A.L.R.3d 1073 (1968).

The plaintiff's second argument for not applying the *Nelson Radio* rule is based on the recent Third Circuit case of *Novotny v. Great American Federal Savings & Loan Ass'n*, 584 F.2d 1235 (3d Cir. 1978). In

Novotny, the court held that the individual defendants were capable of conspiring to encourage sex discrimination even though they were all officers and directors of the defendant corporation. The *Novotny* court rejected the argument that the defendants were immune merely because their actions were "taken in the course of their duties" as officers and directors. *Id.* at 1257. Unlike the situation in the *Novotny* case, here it is clear that Sun's officers and attorneys were not simply acting "in the course of their duties" to advance their own prejudices, but were acting solely to advance the interests and goals of the corporation.[1]

The Fourth Circuit generally follows the *Nelson Radio* rule, but has carved out an exception "when the officer has an independent personal stake in achieving the corporation's illegal objective." *Greenville Publishing Co. v. Daily Reflector, Inc.*, 496 F.2d 391, 399 (4th Cir. 1974). There is no allegation in this case that Sun's officers and attorneys had any personal stake in the alleged conspiracy. Counts I and II are therefore dismissed for failure to state a claim upon which relief can be granted.

### Count III

Count III alleges two bases of jurisdiction—diversity and "inherent" jurisdiction.

The complaint alleges that the Attorney General, a Maryland citizen, is completely diverse from the two defendants, who are Pennsylvania citizens. However, the Attorney General is acting not in his personal capacity, but as a representative of the State. Clearly, Mr. Burch has not been personally injured, and, indeed, he seeks damages to be paid into the State treasury.

It has long been held that a state is not a citizen for purposes of diversity jurisdiction. *State Highway Commission v.*

---

1. The *Novotny* case also drew a distinction between antitrust cases like *Nelson Radio*, and those brought under § 1985. *Id.* at 1258 & n. 121. The majority of federal courts, however, have applied the *Nelson Radio* rule to § 1985. *See, e. g., Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66, 70–72 (2d Cir.), *cert. denied*, 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976); *Baker v. Stuart Broadcasting Co.*, 505 F.2d 181 (8th Cir. 1974); *Dombrowski v. Dowling*, 459 F.Supp. 190, 196 (7th Cir. 1972); *Cole v. University of Hartford*, 391 F.Supp. 888, 890–94 (D.Conn.1975); *Jones v. Tennessee Eastman Co.*, 397 F.Supp. 815, 816 (E.D.Tenn.1974), *aff'd mem.*, 519 F.2d 1402 (6th Cir. 1975); *cf. Bellamy v. Mason's Stores, Inc.*, 508 F.2d 504, 508 (4th Cir. 1974) (Boreman, J., concurring).

*Utah Construction Co.*, 278 U.S. 194, 199–200, 94 S.Ct. 104, 73 L.Ed. 262 (1929); *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487, 15 S.Ct. 192, 39 L.Ed. 231 (1894). The Third Circuit extended this reasoning to hold that a state attorney general is in the same position as a state when he seeks to enforce a claim on behalf of the state. *Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir. 1975), *cert. denied*, 425 U.S. 943, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). Plaintiff's only response is that defendants should be estopped from asserting lack of diversity because Sun alleged diversity in the gas-only litigation, where Mr. Burch was named as a defendant. The gas-only case, however, was also based on the Court's federal question jurisdiction. *See Sun Oil Co. v. Goldstein, supra* at 788. Moreover, a party cannot be estopped from asserting lack of subject matter jurisdiction. One of the cases cited by the Attorney General in support of his estoppel argument is *Kroger v. Owen Equipment & Erection Co.*, 558 F.2d 417 (8th Cir. 1977). That case was reversed by the Supreme Court last term, and in reversing the Eighth Circuit, the Court specifically rejected a similar estoppel argument. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377, 98 S.Ct. 2396, 2405 n. 21, 57 L.Ed.2d 274 (1978).

■ One of the Attorney General's arguments on "inherent" jurisdiction is based on the premise that an action for "civil contempt" is within the inherent power of the court to protect itself and thus needs no independent jurisdictional basis. Plaintiff cites as authority *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911). Even assuming that the Court has such jurisdiction, an action for civil contempt must be based upon the violation of an order of the court, as it was in *Gompers*. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949); *Carbon Fuel Co. v. UMW*, 517 F.2d 1348, 1349 (4th Cir. 1975). There was, of course, no such order in the gas-only litigation.

■ Finally, the Attorney General argues that Count III is within the inherent jurisdiction of the court because it states a civil cause of action based on 18 U.S.C. § 1503. Section 1503, in pertinent part, reads:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States . . . or injures any party or witness in his person or property on account of his attending or having attended such court . . . shall be fined not more than $5,000 or imprisoned not more than five years, or both.

The courts which have considered the question of whether § 1503 creates a civil cause of action have answered in the negative. *See Hanna v. Home Insurance Co.*, 281 F.2d 298, 303 (5th Cir. 1960), *cert. denied*, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 (1961); *Odell v. Humble Oil & Ref. Co.*, 201 F.2d 123, 127 (10th Cir.), *cert. denied*, 345 U.S. 941, 73 S.Ct. 833, 97 L.Ed. 1367 (1953); *Jones v. United States*, 401 F.Supp. 168, 171–72 (E.D.Ark.1975), *aff'd*, 536 F.2d 269 (8th Cir. 1976), *cert. denied*, 429 U.S. 1039, 97 S.Ct. 735, 50 L.Ed. 750 (1977); *Mainelli v. Providence Journal Co.*, 207 F.Supp. 453 (D.R.I.), *aff'd in relevant part*, 312 F.2d 3 (1st Cir. 1962). Even assuming that a cause of action existed, the Attorney General would have the same standing problem he has under § 1985(2) discussed *supra*.

Accordingly, Count III is dismissed for lack of diversity jurisdiction and for failure to state a claim upon which relief can be granted.

IT IS this 4th day of December, 1978, ORDERED as follows:

(1) That defendants' motion to dismiss BE, and the same hereby IS, GRANTED.

(2) That plaintiff's complaint BE, and the same hereby IS, DISMISSED.

(3) That the Clerk shall forthwith enter the accompanying Order in this case.