**Francis Bill BURCH, Attorney General of the State of Maryland**

v.

**Harlan T. SNIDER and Sun Oil Company of Pennsylvania.**

Civ. A. No. N–78–1176.

United States District Court, D. Maryland.

March 23, 1979.

George A. Nilson, Deputy Atty. Gen., Baltimore, Md., and Thomas M. Wilson, III, Charles O. Monk, II, and Michael F. Brockmeyer, Asst. Attys. Gen., Baltimore, Md., for plaintiff.

Thomas D. Washburne and Jervis S. Finney, Baltimore, Md., Milton Eisenberg, Francis J. O'Toole and Theodore C. Hirt, Washington, D.C., and Frank R. Roark, Philadelphia, Pa., for defendants.

## MEMORANDUM

NORTHROP, Chief Judge.

On December 4, 1978, 461 F.Supp. 598 (D.Md.), this Court dismissed the plaintiff's complaint for failure to state a claim upon which relief could be granted as to all three counts and for lack of jurisdiction as to the third count (civil contempt). The plaintiff, by a motion filed January 3, 1979, has moved to substitute parties and for leave to file an amended complaint. The proposed amendment would substitute Stephen H. Sachs, the new Maryland Attorney General, for Francis Bill Burch. It also would drop the original third count and would change certain aspects of the other two counts in an attempt to avoid the problems that the Court found in its December 4, 1978 opinion.

The plaintiff asserts that the Court's December 1978 opinion and order did not ex-

pressly grant or deny leave to amend and that his amendment should be allowed pursuant to Fed.R.Civ.P. 60(b)(6). It is true that the December 4 order did not specifically state whether the dismissal was with or without prejudice, but Fed.R.Civ.P. 41(b) provides that an involuntary dismissal, unless the Court provides otherwise, will operate as an adjudication upon the merits. The order thus precluded leave to amend and was in all respects a final judgment.

Plaintiff now asserts that he should be allowed to amend his complaint for two reasons: 1) that he can amend as of right under Rule 15(a) and 2) that the Court, in its discretion, should allow the amendment under Rule 60(b). The Court rejects both of these arguments.

■ Rule 15(a) provides that a plaintiff may amend as of right at any time before a responsive pleading is filed. Plaintiff properly points out that a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15 and that no "responsive pleading" was ever filed in this case. He urges this Court to read Rule 15 literally and allow him to amend as of right. This approach has been adopted by some courts. *See Nolen v. Fitzharris*, 450 F.2d 958 (9th Cir. 1971); *Breier v. Northern Calif. Bowling Proprietors' Ass'n*, 316 F.2d 787 (9th Cir. 1963); *Fuhrer v. Fuhrer*, 292 F.2d 140 (7th Cir. 1961).

This Court, however, agrees with other courts that have held that such a literal reading of Rule 15 is inappropriate. It would allow a plaintiff an unlimited amount of time to resurrect claims that had been dismissed by final appealable orders. *See Clardy v. Duke Uni.*, 299 F.2d 368 (4th Cir. 1962); *Kelly v. Delaware River Joint Comm'n*, 187 F.2d 93 (3d Cir.), *cert. denied*, 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614 (1951); *Fedderson Motors, Inc. v. Ward*, 180 F.2d 519 (10th Cir. 1950); *United States v. Newbury Mfg. Co.*, 123 F.2d 453 (1st Cir. 1941).

As the First Circuit noted in *Newbury Mfg.*, the literal reading of Rule 15 is inconsistent with the purpose and language of Rule 59(b), which gives aggrieved parties only 10 days to file a motion to alter or amend judgment. Our own Fourth Circuit pointed out that a literal interpretation of Rule 15 would also "render Rule 12 meaningless and ineffective." *See Clardy, supra* at 370.

In *Breier*, the Ninth Circuit distinguished *Kelly, Newbury Mfg.*, and *Fedderson Motors* on the basis that those latter cases involved a *judgment* dismissing the *action* while *Breier* simply involved the dismissal of a complaint. *See Breier, supra* at 789 n. 1. This surely elevates form over substance and ignores the language of Rule 41(b) discussed above. This Court must conclude that the prior dismissal cut off plaintiff's right to amend under Rule 15(a).

■ Plaintiff also asks the Court to allow amendment under Rule 60(b)(6). While the Court clearly has discretion to do that, there is no basis to do so here. The proposed amended complaint alleges no new facts or new legal bases for this action. With respect to standing, the plaintiff merely urges a different interpretation of the word "attending" in 42 U.S.C. § 1985. This argument was made during oral argument on the original motion and was implicitly rejected by the Court in its prior opinion. That argument is now expressly rejected. Indeed, even if plaintiff did have the right to amend under Rule 15, the Court would feel constrained to dismiss the amended complaint for failure to state a claim. It would be ludicrous for the Court to exercise its discretion under Rule 60 to allow plaintiff to amend and then immediately dismiss the amended complaint under Rule 12.

Purely as a matter of form, the Court will order the substitution of the new attorney general pursuant to Rule 25(d)(1).