**Darryl Mark HARRIS, Plaintiff,**

v.

**WARNER–LAMBERT COMPANY, Defendant.**

Civ. A. No. C79–2000A.

United States District Court, N. D. Georgia, Atlanta Division.

March 4, 1980.

J. T. Hollin, Atlanta, Ga., for plaintiff.

William H. Whaley, Atlanta, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This action alleging employment discrimination in violation of 42 U.S.C. §§ 1981 and 2000e et seq. and conspiracy to discriminate in violation of 42 U.S.C. § 1985 is now before the Court on Plaintiff's Motion to Amend and Defendant's Motions to Dismiss and for Protective Order.

Plaintiff, a black employee of Defendant, was discharged on September 30, 1978. Plaintiff claims the discharge was based on his race. He filed a charge with the EEOC on March 29, 1979. The EEOC investigated his charge and on July 6, 1979 issued Plaintiff a Notice of Right to Sue having found no reasonable cause to believe that the allegations in his charge were true. Plaintiff filed this action on October 26, 1979. In an affidavit made part of the record in this case, Plaintiff states that he was away from home when the Notice of Right to Sue was sent to him by the EEOC and he did not actually receive said Notice until July 28, 1979.

Defendant has moved this Court to dismiss Plaintiff's claims arising under 42 U.S.C. § 2000e et seq. based on Plaintiff's alleged failure to comply with the jurisdictional requirements of 42 U.S.C. § 2000e–5, to dismiss all references in the Complaint to 29 U.S.C. § 151 et seq., to dismiss all references to 28 U.S.C. § 1343, and to dismiss all references to 42 U.S.C. § 1985 because no conspiracy or conspirators were identified. The Court first notes that Plaintiff has consented to dismissing all references to 29 U.S.C. § 151 et seq. and that 28 U.S.C. § 1343 is merely jurisdictional and therefore not subject to being dismissed as requested by Defendant.

The jurisdictional prerequisites of 42 U.S.C. § 2000e–5 require that a charge with the EEOC be filed within 180 days from the alleged discrimination and that a private civil action be filed within 90 days from receipt of the Notice of Right to Sue. In the present case Plaintiff filed his charge with the EEOC within 180 days from the date of his discharge from employment and filed the present action within 90 days from receipt of the Notice of Right to Sue. Assuming Plaintiff did receive the Notice on July 28, 1979, then filing his action on October 26, 1979 was just within 90 days. The statutory notification is complete only upon actual receipt of the Notice of Right to Sue letter and therefore the 90-day period for filing his action did not commence until Plaintiff actually received the Notice on July 28, 1979. See Franks v. Bowman Transportation Company, 495 F.2d 398, 404 (5th Cir. 1974). Therefore Plaintiff's claims arising under 42 U.S.C. § 2000e et seq. will not be dismissed for lack of jurisdiction.

Plaintiff's original Complaint failed to sufficiently identify any conspiracy or conspirators in order to support his claims of conspiracy in violation of 42 U.S.C. § 1985. Plaintiff's Motion to Amend is an effort to remedy this insufficiency. Plaintiff's Motion to Amend is hereby GRANTED. However, even as amended, Plaintiff's Complaint is insufficient to state a claim under 42 U.S.C. § 1985 because Plaintiff alleges a conspiracy between Defendant company and one of its management executives. Section 1985(c) allows recovery for the deprivation of rights or privileges by a conspiracy of two or more "persons" and it has generally been held that a corporation and its employees cannot conspire in violation of § 1985. *See Schroeder v. Dayton-Hudson Corp.*, 448 F.Supp. 910 (E.D.Mich. 1977); *Jones v. Tennessee Eastman Co.*, 397 F.Supp. 815 (E.D.Tenn.1974), *aff'd* 519 F.2d 1402 (6th Cir. 1975); *Milburn v. Blackfrica Promotions, Inc.*, 392 F.Supp. 434 (S.D.N.Y. 1974). Dismissal of the claims arising under 42 U.S.C. § 1985 is therefore warranted.

In summary, Plaintiff's Motion to Amend is hereby GRANTED and Defendant's Motion to Dismiss is hereby GRANTED IN PART as to all claims arising under 29 U.S.C. § 151 *et seq.* and 42 U.S.C. § 1985 and DENIED IN PART as to the claims arising under 42 U.S.C. § 2000e *et seq.* which relate to the charge of unlawful discharge filed with the EEOC. Defendant's Motion for Protective Order lacks sufficient specificity to enable the Court to ascertain why various of Plaintiff's Interrogatories are, under the facts of this particular case, burdensome and harassing. Hence, said Motion is DENIED. Defendant is hereby ORDERED to respond or object to said Interrogatories within thirty (30) days from date of entry of this Order.